In the Matter of Richard A. KUBLY and Linda K. Kubly, d/b/a Kubly Construction Co., Inc., Kubly-Voelkli Enterprises, Bonanza Builders, Stormer/Kubly Construction, Debtors.

WISCONSIN DEPARTMENT OF INDUSTRY, LABOR AND HUMAN RELATIONS, Plaintiff,

v.

Richard A. KUBLY, Linda K. Kubly, Kubly Construction Co., Inc., Commercial and Savings Bank of Monroe, Anchor Savings and Loan Association, First National Bank of Monroe, Michael E. Kepler, Interim Trustee, Defendants.

No. 86-C-84-C.

United States District Court, W.D. Wisconsin.

Sept. 15, 1986.

John W. Calhoun, Asst. Atty. Gen., Madison, Wis., for Wisconsin Dept. of Industry.

Denis P. Bartell, Ross & Stevens, S.C., Madison, Wisc., for Debtors.

H. Dale Peterson, Madison, Wis., for Anchor Sav.

Charles R. Wellington, Monroe, Wis., for Commercial & Sav. Bank.

ORDER

CRABB, Chief Judge.

This adversary bankruptcy proceeding is before this court based on an objection by the plaintiff, the Wisconsin Department of

Industry, Labor and Human Relations to one of the bankruptcy judge's proposed conclusions of law. Specifically, plaintiff objects to the bankruptcy judge's conclusion that a wage earners' lien created under Wis.Stat. § 109.09(2) does not have priority over a perfected security interest in the debtors' tangible and intangible business assets held by the defendant in this action, Commercial and Savings Bank of Monroe. (All further references to "defendant" are to this defendant, the only defendant in this adversary proceeding.)

28 U.S.C. § 157(c) provides that in a proceeding "that is not a core proceeding but that is otherwise related to a case under Title 11," the district court is to consider the bankruptcy judge's proposed findings of fact and conclusions of law and is to review de novo those matters to which any party has timely and specifically objected. In this case, the parties appear to be content with the bankruptcy judge's findings of fact, which were based on a statement of agreed facts entered into by the parties, and which are summarized below.

### Facts

The debtors, Richard and Linda Kubly, were officers of Kubly Construction Co., Inc., a closely held Wisconsin corporation. In 1974, defendant began making business loans to the Kublys as individuals and officers of Kubly Construction Co., Inc. On March 19, 1976, defendant consolidated all of the loans it had made to the Kublys in a single note, and executed a general business security agreement with the company covering all of its tangible and intangible business assets. On March 25, 1976, defendant perfected this security interest by filing a U.C.C. financing statement with the Wisconsin Secretary of State.

On July 11, 1980, Kubly Construction Co., Inc. gave defendant a security agreement identical to the 1976 security agreement. Defendant perfected the second security agreement on July 22, 1980. Defendant filed a continuation statement for its 1976 security agreement on March 11, 1981, pursuant to Wis.Stat. § 409.403.

Defendant continued to make loans to Kubly Construction Co., Inc. through 1983. In August, 1983, the company ceased operations. At that point the Kublys and Kubly Construction Co., Inc. were in default on obligations to defendant totalling almost $400,000. On November 11, 1983, the Kublys and defendant entered into a written agreement by which Kubly Construction Co., Inc. agreed to surrender to defendant the assets covered by the security agreement. Defendant agreed to sell these assets before December 10, 1983, in return for the Kublys' promise to make all reasonable efforts to withhold filing for bankruptcy, individually and as officers of Kubly Construction Co., Inc., until after that date.

On December 5, 1983, plaintiff filed notice of a wage earners' lien against Kubly Construction Co., Inc. in Green County Circuit Court for wages due as of August 19, 1983, claiming wages due in the amount of $11,647.39.[1] On December 7, 1983, defendant sold at auction the property that Kubly Construction Co., Inc. had turned over to it. The net proceeds of the sale came to $62,816.68. Defendant applied the funds to the debtors' outstanding notes; a deficiency in excess of $200,000 remained unpaid.

On December 12, 1983, Richard and Linda Kubly filed a joint petition under chapter 7 of the Bankruptcy Code. In their statement of financial affairs they stated that they carried on business under the name Kubly Construction Co., Inc., among others. Kubly Construction Co., Inc. did not file a separate petition for relief under the Code.

On February 8, 1984, plaintiff filed a proof of claim in the debtors' bankruptcy case for the amount of the wage earners' lien it had previously filed notice of in Green County circuit court. On the same date, plaintiff commenced this adversary proceeding to determine the validity, priority, and extent of its wage earners' lien.

---

**1.** Wis.Stat. § 109.09(2) authorizes plaintiff to take assignments of wage claims and deficiencies and to maintain actions for the benefit of employees.

## Opinion

The bankruptcy judge reached two proposed conclusions of law: 1) that the bankruptcy court had subject matter jurisdiction over the proceeding as one "related to" a case in bankruptcy, pursuant to 28 U.S.C. § 1334(b), and 2) that the wage earners' lien against Kubly Construction Co., Inc., asserted by plaintiff pursuant to Wis.Stat. § 109.09(2), does not have priority over the perfected security interest held by defendant. Neither of the parties objects to the first finding. I find that the bankruptcy judge was correct in his conclusion that subject matter jurisdiction over the proceeding is present, and I adopt his conclusion as this court's own.

Plaintiff has objected to the second conclusion, which means that it must be reviewed *de novo*. On review, I agree with the bankruptcy judge's conclusion that the wage earners' lien does not have priority over defendant's security interest, but I reach that conclusion by a different route.

The statute authorizing plaintiff to make claims for unpaid wages against employers, Wis.Stat. § 109.09(2), provides as follows:

Pursuant to its authority under sub. (1) to take assignments of wage claims and wage deficiencies and to maintain actions for the benefit of employes, the department shall have a lien upon all property of the employer, real or personal, located in this state for the full amount of any wage claim or wage deficiency. Such lien shall take precedence over all other debts, judgments, decrees, liens or mortgages against the employer and may be enforced in the manner provided in ss.

409.501 to 409.507 and 779.09 to 779.12, insofar as such provisions are applicable. Any such lien shall exist as of the last date on which services were performed for the employer and for which wages are due and owing.

The bankruptcy judge found the statute ambiguous with respect to the priority to be given liens created under its authority. He read the second sentence as creating a conflict with the third sentence as to whether a wage earners' lien has absolute priority over all preexisting liens, or whether it has priority only over liens filed after the last date on which services were performed.

In order to resolve this ambiguity, the bankruptcy judge looked first to a Waukesha County, Wisconsin circuit court case interpreting § 109.09(2), *Farmers and Merchants Bank v. Terminal Electric, Inc.*, No. 80–CV–1801 (Waukesha County Circuit Court, 1981).[2] The bankruptcy judge noted that the circuit court had held that the Wisconsin legislature did not intend to give the § 109.09(2) lien absolute priority, and also that the circuit court had held § 109.09(2) unconstitutional as drafted.

Apparently not wishing to rest the decision solely on the authority of *Farmers and Merchants Bank*, the bankruptcy judge went on to hold that he could reach the same result without relying on the circuit court case. Referring first to the general principle that statutes should be interpreted so as to avoid inconsistency, the bankruptcy judge reasoned that the third sentence of the statute makes sense only if

---

**2.** Defendant did not file an additional brief for purposes of this court's consideration of plaintiff's objection to the bankruptcy judge's conclusion of law, but instead relies upon the brief that it previously filed with the bankruptcy court in support of its motion for summary judgment. This brief includes a copy of a judgment by the circuit court in *Farmers and Merchants Bank* as Exhibit 5 of the appendix. However, it does not appear that this judgment was the one in which the Waukesha circuit court set forth its interpretation of § 109.09(2). No reasoning is set forth in the judgment, but only a brief statement of conclusions. Also, the *Farmers and Merchants Bank* case was discussed by the United States Bankruptcy Court for the Eastern District of Wisconsin in *In the Matter of Napco Graphic Arts, Inc.*, 51 B.R. 757 (1985). In *Napco*, the bankruptcy judge cited *Farmers and Merchants Bank* as having been issued on October 18, 1981. The judgment of which defendant has provided a copy was issued December 3, 1981. Because of its conclusory nature, the *Farmers and Merchants Bank* judgment supplied by defendant does not provide any real guidance. I cannot tell whether the bankruptcy judge referred to this judgment or whether he had a copy of another more complete judgment.

it refers to the priority of the § 109.09(2) lien in relation to preexisting liens. Therefore, the priority of a § 109.09(2) lien must be relative, not absolute. Accordingly, the bankruptcy judge concluded that defendant's interest in the proceeds of the sale of Kubly Construction Co., Inc.'s assets had priority over plaintiff's wage earners' lien.

The bankruptcy judge held that it was not necessary to consider defendant's constitutional challenges to the statute given his conclusion on the interpretation of § 109.09(2). He added that it would be "inappropriate" to consider defendant's argument that § 109.09(2) does not apply in bankruptcy cases, stating that " ... it is of no relevance to the matter sub judice whether section 109.09(2) applies in bankruptcy or not, since Kubly, Inc. is not 'in bankruptcy.' "

In my view, it was anomalous for the bankruptcy judge to interpret Wis.Stat. § 109.09(2) in preference to deciding whether it applied in the case before him. Logically, it would seem that if he reached the question of interpretation, he would have either answered the question of applicability in the affirmative, or he would be stating a merely advisory interpretation. His approach seems especially anomalous in light of the fact that § 109.09(2) is not only a state statute, but one that has never been interpreted by a Wisconsin appellate court.

The Court of Appeals for the Seventh Circuit has held that it is particularly appropriate for a federal court to abstain from interpreting a state statute where the state statute has not yet been construed by a state court and is susceptible of one construction that would render it free from constitutional infirmity and one construction that would not. *Waldron v. McAtee*, 723 F.2d 1348 (7th Cir.1983). And while deciding the applicability of a statute means determining its reach and thus not abstaining altogether from interpretation, in this case such a determination is not so contrary to the federalism concerns that underlie the abstention doctrine as a determination of when the priority of § 109.09(2) liens takes effect would be—since the lat-

ter issue lies close to the heart of the statute.

Addressing the applicability of § 109.09(2) to these facts is particularly desirable. Not only does the legislative history provide a fairly clear indication of lack of applicability, but the applicability analysis makes it unnecessary to decide on the statute's interpretation or to resolve a number of constitutionally based challenges to the statute. Furthermore, the United States Bankruptcy Court for the Eastern District of Wisconsin has already decided in a case factually similar to this one that § 109.09(2) does not apply in cases that involve insolvent employers, as opposed to employers who relocate or close businesses for reasons other than insolvency but are still able to pay their former employees. *Matter of Napco Graphic Arts, Inc.*, 51 B.R. 757 (E.D.Wis.Bankr.,1985). *Napco* is helpful authority in this case.

In *Napco*, bankruptcy court faced the issue whether § 109.09(2) was in conflict with federal bankruptcy law so as to violate the supremacy clause. The bankruptcy judge avoided ruling on the constitutionality of the statute under Wisconsin law, but looked at the language and legislative history of the statute in order to determine the objectives of the drafters, finding that the laws considered by the legislative subcommittee that drafted § 109.09(2) "were not intended to cover the insolvent employer 'because the state is largely preempted by federal bankruptcy law from inacting [sic] wage priorities and other protections for employees in situations where an employer is insolvent ...'". 51 B.R. at 762; quoting from Wisconsin Legislative Council Report No. 9 to the 1975 Legislature on Legislation Relating to Employee Protection in Business Closings, A.B. 595 Revising State Law Relating to Wage Payments, Claims and Collections. Based on its review of the legislative history of § 109.09(2), the bankruptcy court concluded that "Section 109.09(2), is, therefore, merely one provision within several which is directed to giving wage earners and the state more clout in collecting unpaid wage and fringe

benefits without contravening existing bankruptcy law applicable to insolvent employers." 51 B.R. at 762. The bankruptcy judge held that since § 109.09(2) did not apply to insolvent employers, it did not conflict with federal bankruptcy law and therefore did not violate the supremacy clause.

The legislative history referred to by the bankruptcy judge in *Napco* provides a sufficient basis for concluding that § 109.09(2) does not apply to an insolvent employer against whom a lien is being asserted. The fact that Kubly Construction Co., Inc. has not filed formally for bankruptcy relief is not a sufficient reason for avoiding the question of the statute's applicability. Broadly stated, the issue here is whether § 109.09(2) applies to insolvent employers, not just to bankrupt ones. Kubly Construction Co., Inc. is a closely held corporation, and its officers have filed for bankruptcy. This proceeding arises because of the company's insolvency. The lack of a formal petition for bankruptcy relief should not be a barrier to disposing properly of the issues presented.

Apparently the bankruptcy judge was concerned that if he held § 109.09(2) inapplicable in bankruptcy proceedings, the bankruptcy court would not have subject matter jurisdiction over the proceeding. However, "related to" jurisdiction is still present under 28 U.S.C. § 1334(b), since this proceeding originated in the events surrounding the bankruptcy of the Kublys and the insolvency of their business.

IT IS ORDERED that the bankruptcy judge's findings of fact and first conclusion of law are adopted by this court as its own. The bankruptcy judge's second conclusion of law is adopted, as well, based on the reasoning set forth in this opinion.