EASTERBROOK, Circuit Judge.
The Wisconsin Department of Industry, Labor and Human Relations has a dispute with Marine Bank Monroe, Wisconsin, about what to do with the proceeds of a sale of assets belonging to Kubly Construction Company, Inc. The Department believes it is entitled to some $11,000 of the money as assignee of wage claims of the Construction Co.’s employees under Wis.Stat. 109.09(2). The Bank wants to keep the whole $63,000 on the ground that it had a perfected security interest in the property sold, an interest that survived in the proceeds and trumps the Department’s later-acquired interest. The statute gives the Department a super priority, to which the Bank replies that the statute is inapplicable, unconstitutional, or both. Both a bankruptcy judge and a district judge, 65 B.R. 845 (W.D.Wis.1986), concluded that *645 the statute does not apply, although for different reasons.
We do not resolve the parties’ dispute, however, because this case is not within federal jurisdiction. The case arises under state law, and the parties are not of diverse citizenship. The Department filed its claim as an adversary proceeding in the bankruptcy of Richard and Linda Kubly, who owned the Construction Co.’s stock and were co-makers of its notes to the Bank. The Construction Co. has not filed for bankruptcy. The proceeds belong to the Construction Co., the Bank, or the Department; the Kublys have not claimed them. The Department did not seek anything of the Kublys; its grievance was with the Construction Co. and the Bank. And the resolution of the Department’s dispute with the Bank cannot affect either the Kublys or their other creditors. The Bank had a security interest worth about $400,000 in the Kublys’ personal property, which was worth less than $140,000. An addition of $11,000 if the Bank must pay the Department, which would leave a larger deficiency on the joint notes, would not change the position of the Bank relative to any other creditor, or of any other creditors among themselves. On the day the Department filed its adversary proceeding against the Bank, it had to be apparent that only the Bank would recover money from the Ku-blys and that the precise amount of the Bank’s claim was irrelevant to any dispute among creditors or between the Bank and the Kublys. The Kublys claimed their exemptions, turned the rest of their property over to the Bank, and were discharged. Only this adversary proceeding remains of the Kublys’ bankruptcy, and like the Cheshire Cat’s smile it has no visible means of support.
In re Xonics, Inc., 813 F.2d 127 (7th Cir.1987), holds that disputes among creditors of a bankrupt come within the federal bankruptcy jurisdiction only if they involve property of the estate or if resolving two creditors’ intramural squabble will affect the recovery of some other creditor. See also In re Kilgus, 811 F.2d 1112, 1117-18 (7th Cir.1987); In re Chicago, Rock Island & Pacific R.R., 794 F.2d 1182, 1187-88 (7th Cir.1986) (Sanborn II). The dispute here does not concern property of the Kublys’ estate and cannot affect their other creditors. As a result, none of the grounds of jurisdiction established by 28 U.S.C. § 157 is available.
The bankruptcy judge thought that there was jurisdiction under § 157(c)(1) because the dispute was “related to” the estate — which the bankruptcy judge treated as meaning “a logical relationship or ‘nexus’ between a proceeding and a bankruptcy case”. The “nexus” in this case, the bankruptcy judge concluded, was that the Kublys’ bankruptcy arose out of the failure of the Construction Co., their wholly-owned business. That, coupled with a belief that “Congress envisioned” the “comprehensive administration of bankruptcy cases”, led the bankruptcy judge to resolve the dispute on the merits even though he acknowledged that “[njeither the debtors nor their bankruptcy estate will be affected.” Xonics, Kilgus, and Sanborn II dispose of this “nexus” approach to jurisdiction. Like other federal courts, a bankruptcy tribunal is one of limited jurisdiction. Its power must be conferred, and it may not be enlarged by the judiciary because the judge believes it wise to resolve the dispute. Congress provided for the “comprehensive administration of bankruptcy cases”, but we must establish independently that a dispute is part of a bankruptcy case; the existence of power within the bankruptcy case does not imply an expansion of jurisdiction beyond it. To the contrary, it suggests that courts must be particularly careful in ascertaining the source of their power, lest bankruptcy courts displace state courts for large categories of disputes in which some party (or here, some party’s stockholders) may be bankrupt. We held in Xonics that the “related to” jurisdiction encompasses only disputes that affect the payments to the bankrupt’s other creditors or the administration of the bankrupt’s estate. This dispute does neither, and it must be resolved in state court.
*646 The judgment is vacated, and the case is remanded with instructions to dismiss for want of subject matter jurisdiction.