**Richard N. GOLDING, et al., Appellants,**

v.

**FIRST BANK OF WHITING, et al., Appellees.**

No. S88–226 (RLM).

United States District Court, N.D. Indiana, South Bend Division.

Feb. 6, 1991.

---

JoAnn Hornak, Chicago, Ill., for appellants No. 1.

Morton L. Efron, Hammond, Ind., for appellants No. 2.

Robert E. Stochel, Crown Point, Ind., for appellees No. 1.

Gary Boyn, Elkhart, Ind., for appellees No. 2.

## MEMORANDUM AND ORDER

MILLER, District Judge.

The appellants challenge the bankruptcy court's dismissal of their adversary proceeding against The First Bank of Whiting ("First Bank") on the grounds that it lacked subject matter jurisdiction. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158(a).

Before seeking relief under Chapter 11, debtor R.F.I. Services Corporation had obtained loans from First Bank, secured by its accounts receivable. The appellants claim that in 1982 an officer of First Bank assured Richard Golding that if R.F.I. liquidated its assets, the bank would pay R.F.I.'s attorney fees out of the proceeds of the liquidation. In reliance upon this, the ap-

pellants performed legal services for R.F.I. in the Chapter 11 proceeding. R.F.I. then converted its action to a Chapter 7 proceeding. First Bank obtained possession of R.F.I. assets, consisting largely of its accounts receivable, subject to its security interest.

The attorneys for R.F.I. sought to recover their fees from First Bank. They filed an adversary proceeding against First Bank and the trustee with the bankruptcy court, alleging that the court had jurisdiction pursuant to 11 U.S.C. § 506(c) and 28 U.S.C. §§ 157 and 1334, and that they had applied for compensation pursuant to 11 U.S.C. § 330. They sought an order directing First Bank to pay them compensation out of the liquidated assets pursuant to 11 U.S.C. § 506(c).

The trustee filed an answer stating that the assets had already been abandoned from the bankruptcy estate and that he had no interest in the any of the accounts receivable or the adversary proceeding.

First Bank moved for dismissal, claiming that the plaintiffs lacked standing to bring an action pursuant to § 506(c). Citing *In re Codesco, Inc.*, 18 B.R. 225 (S.D.N.Y. 1982), First Bank claimed that only the trustee in bankruptcy or debtor in possession could bring an action against a creditor under § 506.

The bankruptcy court decided that the question hinged not on the plaintiffs' standing, but on its own subject matter jurisdiction, and concluded that because the accounts receivable had been abandoned from the bankruptcy estate, that property was no longer subject to the court's limited jurisdiction. Based on the rationale of *Matter of Xonics*, 813 F.2d 127 (7th Cir. 1987), the bankruptcy court held that it could not resolve disputes concerning property to which the trustee has disclaimed an interest; although the court retains jurisdiction over disputes that are related to the estate or that affect the amount of property available for distribution, its jurisdiction lapses if the distribution of abandoned property is of no consequence to the debtor or to other creditors.

The appellants raise three issues on appeal:

(1) whether the bankruptcy court had subject matter jurisdiction over their claim because it arose while the accounts receivable were property of the bankruptcy estate;

(2) whether the bankruptcy court had jurisdiction pursuant to 11 U.S.C. § 330; and

(3) whether, if their proceeding is a non-core proceeding, the appellees have consented to the bankruptcy court's jurisdiction.

■■■ A bankruptcy court's conclusions of law are reviewed *de novo* on appeal. *In re Newman*, 903 F.2d 1150 (7th Cir.1990); *Calder v. Camp Grove State Bank*, 892 F.2d 629 (7th Cir.1990). The bankruptcy court's conclusions do not bind the district court and, unlike findings of fact, are entitled only to such deference as the district court sees fit to give them. *In re Cricker*, 46 B.R. 229 (N.D.Ind.1985); *Rushville Production Credit Ass'n v. Mohr*, 42 B.R. 1000 (S.D.Ind.1984); *In re Schaller*, 27 B.R. 959 (W.D.Wis.1983). The district court also must determine whether the bankruptcy court applied the proper legal standard to the facts. *In re Stratton*, 23 B.R. 284, 287 (D.S.D.1982).

### Whether The Bankruptcy Court Had Subject Matter Jurisdiction

■ The appellants claim that the accounts receivable were property of the bankruptcy estate from the Chapter 11 petition's filing until the bankruptcy trustee's abandonment of the accounts receivable. During this time, the appellants were performing legal services for the debtor, enabling the debtor's continued operation of its business. Consequently, the appellants claim that their services benefitted First Bank as a secured creditor by preserving the value of its collateral, and, therefore, the bankruptcy court had jurisdiction to determine how their claim will be satisfied out of the collateral which was eventually liquidated by the bank.

The appellants cite *In re World Wines, Ltd.*, 77 B.R. 653 (N.D.Ill.1987), in which

the court held that it had jurisdiction to resolve a lessor's claim against a secured creditor to recover rent arrearages and the costs of preserving the creditor's collateral as an administrative expense under § 506(c). Although the court previously had lifted the automatic stay and allowed the secured creditor to dispose of all the debtor's assets, the court stated that it had jurisdiction over the adversary proceeding brought by the lessor because the lessor's claim arose while the lease was property of the estate.

First Bank relies on *In re Xonics*, 813 F.2d at 131–132, in which the Seventh Circuit concluded that bankruptcy jurisdiction does not extend to claims to property abandoned by the debtor which cannot possibly affect the other creditors. Noting the *Xonics* court's statement that "it is the relationship of dispute to estate, and not of party to estate, that establishes jurisdiction", 813 F.2d at 131, First Bank contends that the dispute raised in this adversary proceeding is unrelated to the estate, which has no interest in whether the debtor's attorneys or First Bank prevails.

The appellants claim their dispute is a core proceeding within the meaning of 28 U.S.C. § 157, as it is one which invokes a substantive right provided by Title 11 or which could only arise in the context of a bankruptcy case. *In re Wood*, 825 F.2d 90, 97 (5th Cir.1987). They distinguish this case from *Xonics* in that *Xonics* involved a common law dispute of "the sort ordinarily resolved by state courts under the common law of contract and the Uniform Commercial Code." 813 F.2d at 130. Their claim, in contrast, could arise only in the context of a bankruptcy case and it involves a substantive right provided by the bankruptcy code. However, the *Xonics* court went on to say that:

> This case does not involve the identification of the bankrupt's property interests. It is a conflict among creditors claiming money that was once unquestionably the property of the Xonics group of corporations. As we have said, resolving competing claims to property that belonged to the debtor when it filed a petition in bankruptcy is one of the central func-

tions of bankruptcy law.... The only reason why this particular dispute might be treated otherwise is the debtor's "abandonment" of its claim to these receivables.

813 F.2d at 131–132.

The appellants' dispute falls outside the jurisdiction of the bankruptcy court. By the time they had filed their complaint, the property they sought to recover already had been abandoned by the estate. As stated in *Matter of Paso del Norte Oil Co.*, 755 F.2d 421, 425 (5th Cir.1985), "Bankruptcy courts lack jurisdiction over controversies not involving claims against the debtor or its property and controversies in which the bankrupt and its secured creditors have no interest." *See also Matter of Kubly*, 818 F.2d 643 (7th Cir.1987); *Matter of Chicago, Rock Island and Pacific Railroad Co.*, 794 F.2d 1182 (7th Cir.1986).

### *Whether the Bankruptcy Court Had Jurisdiction Pursuant to § 330*

■ The appellants claim that the bankruptcy court had jurisdiction over their claim pursuant to 11 U.S.C. § 330, which provides that the court may, after notice to the parties in interest and to the United States Trustee and a hearing, award to the debtor's attorney reasonable compensation for services rendered.

The appellants contend that the fact that the debtor's assets were abandoned does not resolve their entitlement to fees. The bankruptcy court, they argue, remained responsible for determining the reasonableness of any payments made by First Bank for services they rendered. Further, they state that the determination of an attorney's compensation under § 330 is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

The appellants' complaint states that the plaintiffs, as attorneys for the debtor, filed their amended application for compensation under § 330. However, the record on appeal does not reveal that the parties addressed the attorneys' entitlement to compensation under § 330 in the bankruptcy court. The ground for the motion to dis-

miss was the plaintiffs' standing under § 506, and the basis for the bankruptcy court's decision was lack of subject matter jurisdiction under § 506.

In pages 4–8 of their memorandum in opposition to the motion to dismiss, the plaintiffs-appellants stated that their theories for recovery were under § 506(c). They argue further on page 10 that:

> The Bank's memorandum quotes in *In re Codesco, Inc.,* 18 B.R. 225, 230 (Bkrtcy.S. D.N.Y.1982) to the effect that Section 506(c) should not be used as an "alternative" in order to avoid the requirements imposed under Section 330 of the Bankruptcy Code. The Bank does not specify which, if any, requirements of Section 330 are applicable in this case.

Thus, it does not seem that the appellants relied on § 330 as a basis for the bankruptcy court's jurisdiction in the proceedings below. Appeal is the improper stage to raise new arguments.

### Whether the Appellees Consented to Bankruptcy Jurisdiction

 Finally, the appellants claim that even if their claim for attorney fees is not a core proceeding, it is a non-core related proceeding over which the bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 157(c). Further, the appellees have consented to the bankruptcy court's jurisdiction by failing to object.

For a proceeding to be a related, non-core proceeding, its outcome must potentially affect the estate in bankruptcy. As stated in *Xonics:*

> There is jurisdiction under § 157(c)(1) only when the dispute is 'related to' the bankruptcy—meaning that it affects the amount of property available or the allocation of property among creditors....
>
> Sometimes the practical effect is to fold up the bankruptcy case, to remit claimants to the "abandoned" assets to whatever remedies they have at state law. That happened here. Xonics "satisfied" all of its secured claims by abandoning the underlying property to the secured creditors. When the disposition of the abandoned assets cannot possibly

affect other creditors, there is no reason for the bankruptcy court's jurisdiction to linger. A party believing that competing claims to the abandoned assets should be resolved by the bankruptcy court must object to the abandonment, and if it does not persuade the bankruptcy judge, it may appeal the confirmation of the plan that abandons the assets.

813 F.2d at 131–132. *See also In re Smith,* 866 F.2d 576 (3rd Cir.1989); *Matter of Kubly,* 818 F.2d at 645; *Medina–Figueroa v. Heylinger,* 63 B.R. 572 (D.P.R.1986). As noted above, the appellants' claim for attorney fees from assets abandoned by R.F.I. and liquidated by the secured creditor could not affect the bankruptcy estate or any other creditor. For this reason, the dispute presented in the appellants' complaint is not a non-core, related proceeding over which the bankruptcy court had jurisdiction.

### Conclusion

For the foregoing reasons, the order of the bankruptcy court is hereby AFFIRMED.

SO ORDERED.