Frances **NICKUM** & George Nickum, Plaintiffs,

v.

**BRAKEGATE, LTD.,** et al., Defendants.

Charles **SWANK** & Roberta Swank, Plaintiffs,

v.

**BRAKEGATE, LTD.,** et al., Defendants.

Juan **HERNANDEZ** & Guadelupe Hernandez, Plaintiffs,

v.

**BRAKEGATE, LTD.,** et al., Defendants.

Carl **CHASE** & Imogene Chase, Plaintiffs,

v.

**NORTH AMERICAN ASBESTOS CORP.,** et al., Defendants.

Windell **KESSINGER** & Judy Kessinger, Plaintiffs,

v.

**NORTH AMERICAN ASBESTOS CORP.,** et al., Defendants.

Donna **MURRAY,** Plaintiff,

v.

**BRAKEGATE, LTD.,** et al., Defendants.

Nos. 91–3088–91–3092 and 91–3155.

United States District Court, C.D. Illinois, Springfield Division.

June 19, 1991.

James G. Walker, James Walker Ltd., Bloomington, Ill., for Frances Nickum, George Nickum, Juan Hernandez, Guadelupe Hernandez, Carl Chase, Imogene Chase, Windell Kessinger, Judy Kessinger and Donna Murray.

Robert W. Scott, Swain Hartshorn & Scott, Peoria, Ill., for ABEX Corp.

David R. Sinn, Heyl Royster Voelker & Allen, Peoria, Ill., Gary D. Sharp, Cheatham & Acker P.C., West Bloomfield, Mich., for H.K. Porter Co.

Brian J. Bradley, Lundblad & Baker, Chicago, Ill., for Owens–Corning Fiberglas Corp.

Michael J. Kelly and Richard T. Sikes, Jr., Freeborn & Peters, Chicago, Ill., for Manville Fund, Manville Settlement Trust Personal Injury and Manville Corp.

Donald M. Craven, Donald M. Craven P.C., Springfield, Ill., Theodore E. Harman, Daniel P. Albers, J. Timothy Eaton, Coffield, Ungaretti, Harris & Slavin, Chicago, Ill., James Craven, Springfield, Ill., for

Grefco, Inc., General Refractories Co., North American Asbestos Corp., et al. and Brakegate, Ltd.

Frank A. Citera, David L. Doyle, Pope & John Ltd., Chicago, Ill., for Wedron Silica Co.

Richard R. Ryan, Michael Hultquist, McCullough Campbell & Lane, Chicago, Ill., for Special Materials, Inc.—Wisconsin.

Fred B. Moore, Livingston Barger Brandt & Schroeder, Bloomington, Ill., for Raymark Industries, Inc.

Steven A. Wakeman, Strodel Kingery & Durree, Peoria, Ill., for Great Lakes Carbon.

## OPINION

RICHARD MILLS, District Judge:

A nimble attempt to bootstrap state court actions into federal cases by way of the bankruptcy court.

Defendants Grefco, Inc. and General Refractories Co. (Grefco) removed these six actions (which we have consolidated for decision) to this Court and ask that we transfer them to the United States Bankruptcy Court for the Southern District of New York.

We must refuse the invitation.

Each of these actions (several of which date back to 1987) were commenced in Illinois state court against Grefco and other Defendants seeking recovery for personal injuries allegedly caused by the Plaintiffs' and their family members' exposure to asbestos-containing products and diatomaceous earth. On October 9, 1990, Grefco was granted leave by the state court to file a third-party action against the Manville Corporation Asbestos Disease Compensation Fund (Manville Fund) seeking contribution pursuant to the Illinois Contribution Among Joint Tortfeasors Act, Ill.Rev.Stat. ch. 70, ¶ 301 et seq.[1]

On November 23, 1990, the United States District Courts for the Eastern and Southern Districts of New York entered an order

---

1. Grefco actually filed third-party actions against the Manville Fund in four of these cases.

In *Nickum* and *Murray,* Grefco "intended" to file such a claim.

staying all proceedings against the Manville Fund. On February 13, 1991, the district courts certified a non-opt out class action for all persons who "ha[ve] or will have claims [against the Manville Fund] either for wrongful death or personal injury caused by exposure to asbestos, or a claim for warranty, guarantee, indemnification or contribution arising from an obligation of [the Manville Fund] for the payment of a death or personal injury claim."

The state court entered an order staying all proceedings against the Manville Fund in these actions.[2] The effect of the state court's order is that the Plaintiffs cannot continue to pursue their claims against the Manville Fund, nor can Grefco and the other Defendants pursue their contribution claims against the Manville Fund.

At a pretrial hearing in *Swank* on April 5, 1991, Grefco's counsel advised the state court of his intent to remove *Swank* and the other cases to this Court. One of the motions considered at that hearing was Plaintiff's motion to set *Swank* for trial.

Grefco filed notices of removal in all six actions, contending that these cases are now "related to" the Manville Corporation's bankruptcy and thus should be transferred to the bankruptcy court "which created this quandary." Grefco has moved to transfer these cases to the Bankruptcy Court for the Southern District of New York and Plaintiffs have moved to remand the direct actions to state court.

Section 1452 provides that

[a] party may remove any claim or cause of action in a civil action ... to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Section 1334 provides that the district courts have original jurisdiction "of all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b). The court to which such claim is removed may re-

mand the claim "on any equitable ground." *Id.* § 1452(b).

In support of its notices of removal, Grefco argues that these cases are "related to" the Manville bankruptcy because

the outcome of these proceedings will have an effect on the estate being administered in bankruptcy since the results of plaintiffs' action[s] and the third party action[s] will alter the Manville Trust's rights, liabilities, options or freedom of action and will impact the handling and administration of the bankrupt estate and because Illinois law requires resolution of the personal injury claim and the contribution claim in the same proceeding.

Grefco's motive in seeking to remove these actions lies within the Illinois Code of Civil Procedure. Specifically, ¶ 2–1117 provides that, if Grefco can establish that it was less than 25% at fault for plaintiffs' injuries, it will only be severally liable for all non-medical damages. Ill.Rev.Stat. ch. 110, ¶ 2–1117 (1989). Grefco's inability to continue its third-party action against the Manville Fund decreases its chances of successfully establishing that it was less than 25% at fault for Plaintiffs' injuries. To avoid this result, Grefco is attempting to use Manville's bankruptcy and our § 1334(b) "related to" jurisdiction to boot-strap these cases into a single forum.

■ The general test for determining whether a civil proceeding is "related to" bankruptcy is "whether the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984). Furthermore, an action is related to bankruptcy "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id.*

In *Pacor*, the Higgins brought a products liability action against Pacor in a Pennsylvania state court seeking damages for Mr. Higgins' work-related exposure to

---

**2.** This Court has entered similar orders in asbes-     tos cases currently pending before us.

asbestos supplied by Pacor. Pacor then filed a third-party complaint against Johns–Manville for indemnification claiming that Manville was the original manufacturer of the asbestos. On August 26, 1982, Manville filed for bankruptcy in the Southern District of New York.

In September 1982, the Pennsylvania state court severed the Pacor–Manville third-party action from the Higgins–Pacor direct action. Shortly before the state court began trial in the Higgins–Pacor action, Pacor filed a petition for removal in the bankruptcy court for the Eastern District of Pennsylvania, seeking to remove the entire Higgins–Pacor–Manville dispute. Simultaneously, Pacor moved to transfer the action to the Southern District of New York where the Manville bankruptcy was pending.

The bankruptcy court held that Pacor's petition for removal was untimely and thus ordered the action remanded to state court. Upon appeal, the district court held that the removal was timely, however, the Higgins–Pacor direct action was not "related to" the Manville bankruptcy and thus would be remanded to state court. On the other hand, the Pacor–Manville third-party action was "related to" the bankruptcy and thus would be transferred to the Southern District of New York.

Pacor appealed that portion of the district court's order remanding the direct action to state court. After a lengthy jurisdictional discussion, the Third Circuit addressed the merits of the issue and affirmed the district court. *Pacor, Inc.*, 743 F.2d at 994–96.

The circuit court opined that the primary action between Higgins and Pacor was a "mere precursor to the potential third party claim for indemnification by Pacor against Manville." The Manville estate would not be bound by the outcome of the direct action and could relitigate any issue or adopt any position in response to a subsequent claim by Pacor for indemnification. *Id.* at 995.

Our own circuit has substantially adopted the *Pacor* court's test for determining whether a civil suit is "related to" a

bankruptcy. In a series of opinions authored by Judge Easterbrook, the Seventh Circuit has stated that "disputes among creditors of a bankrupt come within the federal bankruptcy jurisdiction only if they involve property of the estate or if resolving two creditors' intramural squabble will affect the recovery of some other creditor." *Matter of Kubly*, 818 F.2d 643, 645 (7th Cir.1987); *In re Xonics, Inc.*, 813 F.2d 127 (7th Cir.1987); *In re Kilgus*, 811 F.2d 1112 (7th Cir.1987); *In re Chicago, Rock Island & Pacific R.R.*, 794 F.2d 1182 (7th Cir. 1986).

■ Grefco advances two arguments in an attempt to distinguish *Pacor* from the case *sub judice.* First, Grefco argues that *Pacor* is distinguishable factually because *Pacor* involved a third-party claim for indemnification, not contribution, and that proceeding to trial without the Manville Fund's presence as a third-party Defendant would abrogate Grefco's rights under ¶ 2–1117.

The primary action between plaintiffs and Grefco involve numerous parties—none of whom are in bankruptcy. Depending on the outcome of these actions, Grefco may have a contingent, unliquidated claim against Manville for contribution. However, Manville will not be bound by the primary actions nor would the bankruptcy estate be affected until the third-party action is tried.

Grefco also argues that Illinois law requires the primary and third-party actions to be tried together in one action, thus the entire action is "related to" the Manville bankruptcy. In *Laue v. Leifheit*, 105 Ill.2d 191, 85 Ill.Dec. 340, 473 N.E.2d 939 (1984) the Illinois Supreme Court held that § 5 of the contribution act required that a claim for contribution be asserted by way of cross-complaint or third-party complaint in the original action. However, in *Carter v. Chicago & Illinois Midland Railway*, 119 Ill.2d 296, 116 Ill.Dec. 210, 518 N.E.2d 1031 (1988), the supreme court recognized that an action for contribution could be severed and tried separately from the primary action.

**652**

Grefco also attempts to distinguish *Pacor* on the ground that the *"Pacor* court did not apply the test it articulated." Grefco contends that *Pacor* stands for the proposition that an action is related to bankruptcy if it could "positively *or* negatively" alter the debtor's liabilities. Because a judgment in the primary action in favor of Grefco would "undeniably have a positive action on the Manville estate in that Manville would not be liable on the [contribution] claim," the primary action is "related to" the bankruptcy.

This argument ignores the fact that a judgment *either way* in the primary action will not subject Manville to any liability. Until Grefco's third-party claim is tried (and won by Grefco), Manville is not liable for anything.

Once again, Grefco's primary complaint is that, without Manville in the case, it cannot shift the blame to Manville and thus, hopefully (for Grefco), invoke ¶ 2–1117's provision for several liability of non-medical damages. Grefco undoubtedly argued this in opposition to Manville's motion to sever and stay proceedings in the state court. Grefco certainly argued this in opposition to certification and settlement of the Manville class action in New York. Having lost in those forums, Grefco seeks to creatively interpret § 1334 to transfer these cases to New York. Grefco loses here as well. Grefco's inability to invoke an Illinois procedural rule does not transform these actions into federal cases.

Pursuant to Judge Weinstein's order, all proceedings against the Manville Fund are stayed. Thus, we cannot transfer Grefco's third-party claims (which are stayed) to New York. They will be remanded along with the primary actions to await further action by Judge Weinstein or the state court.

*Ergo,* Plaintiffs' motions to remand (d/e 7 in No. 91–3088; d/e 9 in No. 91–3089; d/e 6 in No. 91–3090; d/e 6 in No. 91–3091; d/e 5 in No. 91–3092; and d/e 3 in No. 91–3155) are ALLOWED. These actions are REMANDED to the McLean County Circuit Court. Grefco's motions to transfer (d/e 2 in No. 91–3088; d/e 3 in No. 91–3089; d/e 2 in No. 91–3090; d/e 2 in No. 91–3091; and d/e 2 in No. 91–3092) are DENIED. Grefco's motions to stay (d/e 6 in No. 91–3089 and d/e 8 in No. 91–3091) are DENIED.

Cases CLOSED.