**Deborah Gray McCRATIC, et al., Plaintiffs,**

v.

**BRISTOL–MYERS SQUIBB AND CO., et al., Defendants.**

**Bankruptcy No. 3:95–CV–1122–X.**

United States District Court, N.D. Texas, Dallas Division.

June 14, 1995.

Cary J. Cross, Pamela S. Evers, Francis & Cross, P.C., Dallas, TX, for plaintiff.

John R. Henderson, Barry L. Hardin and Marilyn S. Mollett, Vial, Hamilton, Koch & Knox, Dallas, TX, for Dow Corning Corp.

David M. MacDonald, Sudie Thompson and Laurie H.S. Corson, McCauley, Mac-Donald, Love & Devin, P.C., Dallas, TX, for '21' Intern.

David McCue, McCue & Lee, Dallas, TX, for Joseph Connally, MD.

Philipa M. Remington and Russell G. Thornton, Cowles & Thompson, Dallas, TX, for Jack P. Gunter, MD., Philip Kelton, MD. and Sydnie Smith, MD.

Bryan J. Maedgen and John R. Tilly, Strasburger & Price, Dallas, TX, for Physicians and Surgeons Hosp.

Brian G. Hamilton, David N. Kitner, Alan R. Vickery, Strasburger & Price L.L.P., Dallas, TX, for defendants Bristol–Myers Squibb and Co., MEC Subsidiary Corp. aka Surgitek, Inc., Medical Engineering Corp., Aesthetech Corp., Natural Y Surgical Specialties, Inc., Cooper Companies, Inc., Sirod Corp., and CBI Medical, Inc.

## ORDER OF REMAND

KENDALL, District Judge.

Before the Court is the Notice of Removal filed June 7, 1995. This case is one of several cases recently removed to the Northern District of Texas from state district court in Dallas County whereby the plaintiffs, women who have allegedly been damaged by defective silicone gel breast implants, bring suit against manufacturers of the implants and various health care providers. One of the defendants, Dow Corning Corporation ("Dow Corning"), filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code in the Eastern District of Michigan. Because a co-defendant filed for bankruptcy protection, non-debtor Defendant Bristol–Myers Squibb and Co. ("Bristol–Myers") removed this case pursuant to 28 U.S.C. § 1452(a). For the reasons discussed below, the Court REMANDS this case to the 116th District Court, Dallas County, Texas.

\* \* \*

28 U.S.C. § 1452 sets forth the circumstances by which a party may remove a case which is related to a bankruptcy case from state court:

(a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Su-

preme Court of the United States under section 1254 of this title.

Bristol–Myers attempts to ride the coattails of Dow Corning's bankruptcy filing into federal court by asserting that this case is "related to" the bankruptcy. However, there is no federal question presented. The claims are brought exclusively pursuant to Texas state law. Diversity jurisdiction is lacking because the plaintiffs and some of the defendants are citizens of Texas.

■ The Fifth Circuit has established the criteria for whether a case is "related to" a bankruptcy proceeding. A matter is "related to" a bankruptcy proceeding if the outcome of the matter could conceivably have any effect on the estate being administered in bankruptcy. *In re Wood,* 825 F.2d 90, 93 (5th Cir.1987). If Plaintiffs had sued only Dow Corning, this personal injury case would clearly be "related to" Dow Corning's bankruptcy filing. However, Dow Corning is not the only defendant in this action, and its outcome in relation to the solvent defendants will not affect Dow Corning's estate.

There is authority that this Court lacks jurisdiction over this type of matter. Plaintiffs' causes of action for personal injury against the solvent defendants do not relate to Dow Corning's estate. In *Nickum v. Brakegate Ltd.,* the district court remanded a personal injury action against an asbestos manufacturer because it was not related to the asbestos supplier's bankruptcy estate. *Nickum v. Brakegate Ltd.,* 128 B.R. 648 (C.D.Ill.1991), *citing Pacor, Inc. v. Higgins,* 743 F.2d 984 (3d Cir.1984). The instant action and *Nickum* appear very similar. Both of the cases involve product liability claims against defendants involving products which are the subject of hundreds, if not thousands, of cases across the country. The burden of the pending claims forced Manville and Dow Corning into bankruptcy. The stay imposed on all proceedings against the bankrupt defendant protects the estate. Any verdicts which are returned against the solvent defendants will affect those defendants, not Dow Corning's estate.

In addition to this Court's facial lack of jurisdiction, the removing defendant did not articulate a plausible way that the claims against the solvent defendant would have an impact upon Dow Corning's estate, as required. *See Da Silva v. American Savings,* 145 B.R. 9 (S.D.Tex.1992), *citing Wood* at 94; *Pacor, Inc.* at 994. The removal notice only states in conclusory fashion "[a]s a result of Debtor's bankruptcy, this Court has jurisdiction...." Defendant's Notice of Removal at 3.

■ Even if the Court had jurisdiction over this action, under § 1452(b) the Court may remand a removed case "on any equitable ground," including: 1) forum non conveniens; 2) a holding that, if the civil action has been bifurcated by removal, the entire action should be tried in the same court; 3) a holding that a state court is better able to respond to questions involving state law; 4) expertise of the particular court; 5) duplicative and uneconomic effort of judicial resources in two forums; 6) prejudice to the involuntarily removed parties; 7) comity considerations; and 8) a lessened possibility of an inconsistent result. *Browning v. Navarro,* 743 F.2d 1069, 1076 n. 21 (5th Cir.1984); *In re Branded Products, Inc.,* 154 B.R. 936, 947 (Bankr.W.D.Tex.1993).

\* \* \*

The Court concludes that numerous equitable grounds exist that compel the remand of this case. As the Court has previously noted, the claims in this case arise exclusively under Texas tort law so that the state court may be better able to respond to questions involving state law. Keeping the silicone gel breast implant cases in the state court will lessen the possibility of an inconsistent result. *Baxter Healthcare Corp. v. Hemex Liquidation Trust,* 132 B.R. 863, 868 (N.D.Ill.1991).

The Court also recognizes the expertise of the particular state court involved as well as comity considerations. In these silicone gel breast implant cases, the very able state district Judge Frank Andrews has already spent nearly three years coordinating and streamlining discovery and has held numer-

ous hearings on many pretrial matters.[1] These cases are very close to, if in fact not already, trial ready. Common sense indicates that it would be unreasonable to waste Judge Andrews' efforts by keeping these cases in the federal system where this Court's involvement would be duplicative and uneconomic and the Court is unfamiliar with the issues and history of the cases. This Court has enough to do without wasting precious federal judicial resources "reinventing the wheel."

■ Finally, and most significantly, the Court is persuaded that remand is proper to prevent prejudice to the involuntarily removed parties. While the automatic stay of 11 U.S.C. § 362 precludes further prosecution of the plaintiffs' suit against Dow Corning in state court, the plaintiffs' claims against all of the other defendants may certainly proceed there. The automatic stay applies only to the debtor and not to the alleged co-tortfeasors. *GATX Aircraft Corp. v. M/V Courtney Leigh,* 768 F.2d 711, 716 (5th Cir.1985). Thus, the fact that the automatic stay protects Dow Corning from further proceedings does not mean that all of the silicone gel breast implant litigation must grind to a halt.

\*     \*     \*

For the reasons discussed above, this case is REMANDED to the 116th District Court, Dallas County, Texas.

SO ORDERED.

---

**1.** Plaintiffs' Motion to Abstain, Sever, and Remand, filed in *Johnson v. Dow Holdings, Inc.,* No. 3:95–CV–1085–X at 7, 13, and Exhibit E.