Cruz Hidalgo **LUEVANO**,
et al., Plaintiffs,

v.

**DOW CORNING CORPORATION**,
et al., Defendants.

Civ. A. No. DR–95–CA–30.

United States District Court,
W.D. Texas,
Del Rio Division.

June 28, 1995.

---

752

Pat Maloney, Sr., Tim Maloney, Law Offices of Tim Maloney, San Antonio, TX, for plaintiffs.

Charles L. Smith, Groce, Locke & Hebdon, San Antonio, TX, for defendant Baxter HealthCare Corp.

## ORDER ON PLAINTIFFS' MOTION FOR ABSTENTION AND MOTION TO REMAND AND ORDER ON DEFENDANT BAXTER'S MOTION TO STAY

BIERY, District Judge.

Before the Court is plaintiffs' Statement Under Bankruptcy Rule 9027(e)(3), Motion for Abstention and Motion to Remand to state court, and the Motion To Stay of Baxter HealthCare Corporation and Baxter International Inc. ("Baxter"). Plaintiffs rely on 28 U.S.C. § 1334(b) and (c)(1). Baxter relies on 28 U.S.C. § 1452(a), Bankruptcy Rule 9027, and 28 U.S.C. § 157(b)(5). The underlying substantive dispute to be resolved consists of state law product liability claims by plaintiffs against several defendants, one of whom (Dow Corning Corporation) has filed for bankruptcy protection. In an earlier removal and remand proceeding, this Court has determined that it does not have diversity jurisdiction. *Luevano, et al., v. Dow Corning Corporation, et al.,* No. DR–94–CA–22, (W.D.Tex. August 2, 1994). No other defendants joined in this removal.

■ Removal statutes are to be strictly construed, and any doubts concerning removal must be resolved against removal and in favor of remanding the case to state court. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Blackmore v. Rock–Tenn Co. Mill Div., Inc.,* 756 F.Supp. 288, 289 (N.D.Tex.1991).

The Court concludes that Congress and other courts have spoken clearly on the relationship among the statutes and rules in controversy:

1. *In re Walker,* 51 F.3d 562–73 (5th Cir. 1995). "Section 157 does not give bankruptcy courts power beyond that granted in 28 U.S.C. § 1334" and "while § 157 gives the bankruptcy courts the power to hear some cases, and the power to decide certain cases, it does not give those courts the power to hear cases that the district court could not hear." Thus, "[j]urisdiction for bankruptcy cases is rooted in the provisions of 28 U.S.C. § 1334."

2. *Pacor, Inc. v. Higgins,* 743 F.2d 984, 994 (3rd Cir.1984); *Nickum v. Brakegate, Ltd.,* 128 B.R. 648, 651–52 (C.D.Ill.1991). Federal courts in asbestos litigation, after Johns–Manville filed for bankruptcy, refused to permit non-bankrupt defendants to invoke federal removal jurisdiction so as to obtain a transfer of state claims to a federal distant forum.

3. *Gold v. Johns–Manville Sales Corp.,* 723 F.2d 1068, 1075–77 (3rd Cir.1983); *Williford v. Armstrong World Indus. Inc.,* 715 F.2d 124, 127–28 (4th Cir. 1983); *Wedgeworth v. Fibreboard Corp.,* 706 F.2d 541, 545–46 (5th Cir. 1983); *In re Johns–Manville,* 26 B.R. 405, 409–18 (S.D.N.Y.1983); *Neubauer v. Owens–Corning Fiberglas Corp.,* 26 B.R. 644, 645–47 (E.D.Wis.1983). In asbestos cases, claims against co-defendants are to proceed and no stay is to issue based solely on the existence

of pending bankruptcy proceedings involving a debtor defendant.

4. *Robinson v. Michigan Consol. Gas Co.*, 918 F.2d 579, 584 (6th Cir.1990); *In re Wood*, 825 F.2d 90, 93 (5th Cir.1987); *Hunter v. United Van Lines*, 746 F.2d 635, 649 (9th Cir.), *cert. denied*, 474 U.S. 863, 106 S.Ct. 180, 88 L.Ed.2d 150 (1985). The independent state court claims of non-bankrupt defendants do not have impact on bankrupt defendant and, therefore, the federal court must abstain from hearing the proceeding.

5. *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 1011 (4th Cir.), *cert. denied*, 479 U.S. 876, 107 S.Ct. 251, 93 L.Ed.2d 177 (1986); *In re Pan Am Corp.*, 950 F.2d 839, 848 (2d Cir.1991); *Calumet Nat'l Bank v. Levine*, 179 B.R. 117, 119 (N.D.Ind.1995). 28 U.S.C. § 157(b)(5) is applicable only where the plaintiffs' state court claims which have been removed are being asserted against the bankrupt entity. In this case, the plaintiffs' state court claims which have been removed are being asserted against the non-bankrupt defendants.[1]

■ This Court is aware of orders issued from the Southern District of Texas granting the relief sought by Baxter. With all due respect to our sister courts, neither order cites any authority, nor does either order give a reason for not following the legislative mandate of 28 U.S.C. § 1334.

Baxter contends, and the Court agrees, that not granting the relief sought by Baxter will result in a patchwork of decisions within the state and federal courts. Such is the nature of federalism created by Mr. Madison and his colleagues; and such is the nature of the common law of the fifty states. There are, of course, processes by which the legislative branch and the sovereign people can abrogate and amend those concepts, but this trial court declines to initiate that action.

■ The Court finds that it has related matter jurisdiction of this civil proceeding and further finds that 28 U.S.C. 1334(b) requires mandatory abstention because:

1. the plaintiffs filed a timely motion seeking mandatory abstention;

2. the state court action is based on a state law claim or cause of action;

3. that claim or cause of action is merely "related" to the bankruptcy case, it is not a "core" proceeding involving a cause of action created or determined by bankruptcy laws and does not "arise in" a bankruptcy case;

4. this federal court would otherwise have no jurisdiction over the state law claim because there is no diversity of citizenship between the parties; and

5. the matter can be "timely adjudicated" in a state court of "appropriate jurisdiction," as evidenced by the trial date set in state court.

■ Alternatively, the Court exercises its discretion to remand pursuant to 28 U.S.C. § 1334(c)(1). *See Kadel v. Thompson*, 84 B.R. 878, 881–82 (N.D.Ga.1988).

ACCORDINGLY, IT IS ORDERED that Baxter's Motion to Stay is DENIED.

IT IS FURTHER ORDERED that plaintiffs' Motion for Abstention and Motion to Remand to state court are GRANTED and this case is REMANDED to the 365th Texas Judicial District Court. Any other pending motions are denied as moot and deferred to the state court.

ORDERED, SIGNED and ENTERED.

■

---

1. Thus, were Baxter to seek Chapter 11 protection, § 157(b)(5) would, of course, come into play.