**In re HARBOUR OAKS DEVELOP-MENT CORPORATION, a Florida corporation, Debtor.**

**HARBOUR OAKS DEVELOPMENT CORPORATION, a Florida corporation, Steven Baker and Pamela Baker, Plaintiffs,**

**v.**

**SOUTHTRUST BANK, N.A., f/k/a Southtrust Bank of Southwest Florida, N.A., f/k/a Community Bank of Charlotte, Defendant.**

Bankruptcy No. 94–00474–9P1.
Adversary No. 98–149.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Aug. 31, 1998.

Wanda H. Anthony, Tampa, FL, James W. Kaywell, Punta Gorda, FL, for Plaintiffs.

Darol H.M. Carr, Port Charlotte, FL, for Defendant.

## ORDER ON MOTION TO DISMISS CLAIMS OF NON–DEBTOR PARTIES IN ADVERSARY PROCEEDING, FOR ABSTENTION AND FOR REMAND (DOC. # 6)

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a confirmed Chapter 11 case and the matter under consideration is a Motion to Dismiss Claims of Non–Debtor Parties in Adversary Proceeding, for Abstention and for Remand filed by Southtrust Bank, N.A., f/k/a Southtrust Bank of Southwest Florida, N.A., f/k/a Community Bank of Charlotte (Community Bank). The facts relevant to the resolution of this Motion as they appear in the record are as follows:

Harbour Oaks Development Corporation (Harbour Oaks), Steven Baker and Pamela Baker (Bakers)(collectively "the Plaintiffs"), along with Therese Slattery and William Slattery, executed and delivered a promissory note (Note) to Community Bank which was secured by a first mortgage and second mortgage (Mortgage) on real property owned by Harbour Oaks. The Note and Mortgage were modified twice. On or about November 15, 1993, Harbour Oaks defaulted and Community Bank accelerated the amounts due, as modified.

On January 14, 1994, Harbour Oaks filed for relief under Chapter 11 of the Bankruptcy Code. On or about March 1, 1994, Community Bank filed a secured Proof of Claim in the amount of $234,594.87 plus interest, costs and attorney's fees. In the Debtor's Amended Plan of Reorganization, Community Bank was classified as an unimpaired, Class 5, secured claimant with a mortgage and security interest in certain real property. The Amended Plan proposed to treat Community Bank's secured claim as follows:

> The real property upon which Community Bank holds a first mortgage shall be transferred to Community Bank or to any other entity holding the note and mortgage in full and complete satisfaction of its lien. Title shall transfer free and clear of all liens.

Community Bank did not object to its treatment under the Plan and on November 30, 1994, this Court entered an Order Confirm-

ing Debtor's Amended Plan of Reorganization, As Modified (Confirmation Order). The modifications did not affect Class 5 claimants.

On or about April 15, 1996, Community Bank filed a Second Amended Complaint entitled, "Suit to Foreclose Mortgage," in an action naming as defendants Steven Baker, Pamela Baker, Harbour Oaks Development Corporation, Therese Slattery and William Slattery in the Circuit Court for Charlotte County, Case No. 94–1236–CA (the State Court Action). On or about December 20, 1996, Harbour Oaks, pursuant to the Debtor's Amended Plan and Confirmation Order, executed and delivered to Community Bank a Quitclaim Deed in full satisfaction of Community Bank's secured debt. On or about July 15, 1997, the Bakers filed a Motion for Summary Judgment or for Dismissal or Abatement for Lack of Jurisdiction in the State Court Action. The Motion turned on the effect of the Confirmation Order on any collection activity against the Bakers by Community Bank. On December 12, 1997, the State Court entered an Order of Referral to Bankruptcy Court and Stay of Proceedings in the State Court Mortgage Foreclosure Action and ruled that the parties were to seek a declaration of rights under the Bankruptcy Code in the Bankruptcy Court. On February 25, 1998, Community Bank filed a Notice of Voluntary Dismissal Without Prejudice of Harbour Oaks in the State Court Action and also filed a copy with this Court. Therese and William Slattery have also been dismissed from the State Court Action by Community Bank. The Bakers are the only remaining defendants in the State Court Action.

On March 12, 1998, this Court re-opened the general bankruptcy case so that the Plaintiffs could commence an adversary proceeding. On March 19, 1998, the Plaintiffs filed their Complaint for Civil Contempt, Declaratory Judgment, an Injunction, Damages and Other Relief. On May 13, 1998, Community Bank filed the Motion presently under consideration by this Court.

In order to place Community Bank's Motion into proper focus, it should be helpful to briefly consider the claims asserted and the relief sought by the Plaintiffs in this adversary proceeding. In the Complaint, the Plaintiffs seek: (1) a determination of Community Bank's right to sue the Bakers and Harbour Oaks in the State Court on their joint obligation; (2) an injunction prohibiting Community Bank from continuing in its suit in the State Court; and (3) an award of damages for the alleged violation of the discharge provision of the Confirmation Order. Community Bank contends in its Motion that this Court has no jurisdiction to determine the claims of these non-debtors against Community Bank.

◼ Bankruptcy courts do not ordinarily have jurisdiction over disputes between non-debtors where the dispute does not involve property of the estate, does not affect the administration of the estate and the resolution of the inter-creditor dispute will not affect the recovery of creditors under a confirmed plan. *See In re Spiers Graff Spiers,* 190 B.R. 1001, 1006 (Bankr.N.D.Ill.1996); *Zerand–Bernal Group, Inc. v. Cox,* 23 F.3d 159, 161–162 (7th Cir.1994); *In re Xonics, Inc.,* 813 F.2d 127 (7th Cir.1987); *In re Kubly,* 818 F.2d 643, 645 (7th Cir.1987).

◼ Section 524(a)(2) and (e) provide that the injunction against the commencement or continuation of an action to collect, recover or offset any claims discharged by the Confirmation Order does not affect the liability of third parties. There are, however, two exceptions. The first exception is established by § 524(g) of the Code and is only applicable to asbestos related personal injury claims. The second exception, developed by case law, involves situations where the Court grants protection to third parties, by a specific provision of the plan of reorganization, based on the court's finding that it was essential to give these third parties limited protection due to their substantial contribution to the consummation of the confirmed plan of reorganization. *See In re Optical Techs., Inc.,* 216 B.R. 989, 994 (Bankr. M.D.Fla.1997), citing *In re Master Mortgage Inv. Fund, Inc.,* 168 B.R. 930, 934 (Bankr. W.D.Mo.1994).

The Debtor's Amended Plan contains no provision for a third party injunction. Moreover, there is no evidence to establish that

the Bakers are entitled to any protection because they will make a substantial contribution to the successful consummation of the Amended Plan or that it is otherwise essential to protect them.

The controversy before this Court centers around whether the Confirmation Order barred the suit by Community Bank against the Bakers on their co-obligation. The Bakers do not contend that Community Bank's suit against them, based on their co-obligation with Harbour Oaks, is barred because the exceptions outlined above are applicable. It is their contention, however, that inasmuch as Harbour Oaks' obligation has been fully satisfied by surrendering real property, pursuant to the express provisions of the confirmed Amended Plan, their co-obligation was also satisfied. Therefore, the Confirmation Order did, in effect, operate as a release of the Bakers' co-obligation with Harbor Oaks.

█ It is evident to this Court that the resolution of the Bakers' claims against Community Bank will have no relevance or impact on the reorganization process or the successful consummation of the confirmed Amended Plan of Reorganization. Therefore, this Court is satisfied that it lacks jurisdiction to resolve the Bakers' claims against Community Bank. True, the Confirmation Order released Community Bank's claim against Harbour Oaks, however, whether or not a satisfaction of one obligor's debt releases the co-obligors is a state law issue which should be resolved by the State Court. As for the Bakers' claim that Community Bank violated the discharge provisions of the Confirmation Order by suing the Bakers in the State Court Action, this Court finds that the claim is without merit and the relief sought cannot be granted.

Inasmuch as this Court lacks jurisdiction to determine the non-debtors' claims, the Motion to Dismiss Claims of Non–Debtor Parties in Adversary Proceeding, for Abstention and for Remand should be granted and the Bakers' claims against Community Bank should be dismissed.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Dismiss Claims of Non–Debtor Parties in Adversary Proceeding, for Abstention and for Remand filed by Community Bank be, and the same is hereby, granted. The Bakers' claims against Community Bank are hereby dismissed.