**John Vincent DUBISKY, and Neal Stuart Dubisky, a minor, through Marlene Dubisky, his parent and guardian, Plaintiffs–Appellants,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 94–3662.

United States Court of Appeals, Seventh Circuit.

Argued July 6, 1995.

Decided July 28, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 20, 1995.

---

Richard M. Kates (argued), Chicago, IL, for plaintiffs-appellants.

Charles E. Ex, Asst. U.S. Atty., Crim. Div., Chicago, IL, Gary R. Allen, Ann Belanger Durney, Edward T. Perelmuter (argued), John A. Nolet, Steven E. Cole, Dept. of Justice, Tax Div., Appellate Section, Washington, DC, for defendant-appellee.

Before CUMMINGS, CUDAHY, and COFFEY, Circuit Judges.

COFFEY, Circuit Judge.

The father of John Vincent and Neal Stuart Dubisky, Michael, established trust accounts for his two sons. The IRS is trying to collect over $4 million in taxes from Michael, and levied on the accounts, which contain over $200,000 each, claiming that the accounts belonged to the children in name only, and were really the property of Michael. The children seek to contest this levy under 26 U.S.C. § 7426, claiming that the money is really theirs. The district court found that Michael regularly withdrew money from the accounts for his own use, that there was virtually no documentary evidence of the existence of a trust that would normally be maintained, and that only small sums of the money in the accounts were utilized for the children. The court concluded with a factual finding that there was "clear and substantial evidence" that Michael Dubisky

did not make a gift, "but rather was attempting to put money beyond the reach of tax collectors only to have it available for use at a later time." The court entered judgment in favor of the United States, and the Dubiskys appeal.

While Michael Dubisky was being audited by the IRS in 1979, he created two custodian accounts, currently at Paine Webber, Inc., on behalf of his children John and Neal, pursuant to the Illinois Uniform Gifts to Minors Act (IUGMA), 110½ Ill.Rev.Stat. §§ 201 ff.* Michael was listed as custodian of the accounts, and controlled all transactions of the accounts. Michael turned out to be involved in fraudulent tax shelters, which resulted in additional tax liability of nearly $3 million; he was aware at the time he created the brokerage account that there was considerable doubt about the validity of the tax shelters.

During the early 1980's, Michael used assets in the accounts to trade in securities, but did not maintain records of those transactions as required by IUGMA. § 204(h). Paine Webber does not have statements for the accounts prior to May 1985, but in the following four years, Michael withdrew about $200,000 for his own use, and also purportedly to issue company stock in Midwest Analog for the children, which went belly-up without ever issuing stock. The court found that there was no evidence that any assets of the business venture were ever placed in the names of the children. Only small sums were ever utilized for the children's benefit.

In 1989, the IRS assessed tax liabilities against Michael for the years 1977 through 1982. Michael filed a Chapter 11 bankruptcy petition in an attempt to avoid levying on his assets, but the case was dismissed because of a variety of improprieties on Michael's part, including failure to list as property of the estate the funds held in the brokerage accounts. The Dubisky children did not appear in that case.

On July 8, 1993, the IRS served notices of levy on the brokerage accounts, claiming that John and Neal Dubisky were nominees for their father, who still owed over $1.5 million to the United States. The sons responded with a wrongful levy suit, alleging that the funds belonged to them under the IUGMA, and could not be used to satisfy their father's tax liability.

The district court held a bench trial. The court found that there were no formal records of the accounts and no trust documents as required by the IUGMA; the earliest indication that the accounts were created pursuant to IUGMA is a caption on an account statement in 1987. The court further found that the trusts were never put beyond the control of the donor and was troubled by Michael Dubisky's inability to fully recall how he handled the accounts. The court concluded that Michael Dubisky did not have donative intent, but "rather was attempting to put money beyond the reach of tax collectors only to have it available for use at a later time." Thus, there was no gift, and the IRS could reach the accounts as Michael Dubisky's property.

The court also held, in the alternative, that the sons' claims were barred by the collateral estoppel effect of the dismissal of Michael Dubisky's bankruptcy. John and Neal Dubisky timely appeal after the district court denied their Rule 59 motion.

■ The United States does not address the Dubiskys' claim that they are not collaterally estopped by the bankruptcy court opinion, implicitly conceding the district court's error. The Dubisky children were not parties in the bankruptcy proceeding, and cannot be bound by their father's loss in that litigation. *Fay v. South Colonie Central School District*, 802 F.2d 21, 30 n. 1 (2d Cir.1986). Furthermore, the issue of whether the trust accounts were really part of Michael Dubisky's estate was not essential to the bankruptcy court's decision; only issues necessarily decided support preclusion. *Schiro v. Farley*, —— U.S. ——, ——, 114 S.Ct. 783, 791, 127 L.Ed.2d 47 (1994); *Transportation Cybernetics, Inc. v. Forest Transit Commission*, 950 F.2d 350, 354–355 (7th Cir. 1991). The Dubisky children are not precluded from raising the issue of the owner-

---

* The Illinois Uniform Transfers to Minors Act, 760 ILCS 20/1 et seq., replaced IUGMA in 1985.

ship of the trusts, allowing the court to reach the merits.

■ To prove a wrongful levy under 26 U.S.C. § 7426, John and Neal Dubisky must prove that the accounts belong to them, and not to the taxpayer, Michael Dubisky.

■ At common law, the elements of a valid gift are donative intent, the donor's parting with exclusive dominion and control over the subject of the gift, and delivery. *Frey v. Wubbena,* 26 Ill.2d 62, 185 N.E.2d 850 (1962). Although IUGMA § 203 allows a gift to be made solely through compliance with its formalities, Illinois courts have held that the formalities only create a presumption of a gift, which can be rebutted by clear and convincing evidence of a lack of donative intent. *In re Marriage of Agostinelli,* 250 Ill.App.3d 492, 500, 189 Ill.Dec. 898, 904, 620 N.E.2d 1215, 1221 (1st Dist.1993); *Heath v. Heath,* 143 Ill.App.3d 390, 395, 97 Ill.Dec. 615, 618–19, 493 N.E.2d 97, 100–101 (2d Dist. 1986). See also *Gordon v. Gordon,* 70 A.D.2d 86, 419 N.Y.S.2d 684 (1979).

Whether there was donative intent then becomes a question of fact; a district court's finding of fact will not be overturned unless clearly erroneous. *Barber v. Ruth,* 7 F.3d 636, 642–43 (7th Cir.1993). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Anderson v. Bessemer City,* 470 U.S. 564, 574, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985).

The supposed custodian of the account, Michael Dubisky, kept none of the records or documentation required by the IUGMA. He set up the accounts at a time when his tax shelters were undergoing scrutiny from the IRS, maintained control over the accounts, took money from them for his own business ventures without reimbursing his children in either stock or repayment, and only disbursed small amounts for his children's use. While the Dubiskys present plausible explanations and rationales for each of these facts and present additional (if undocumented) facts to support their theory, they fail to explain why the district court's characterization of events was implausible and impermissible, rather than merely not ineluctable.

The district court did not rest its holding on a claim that *all* diversions of money proved lack of donative intent; it found that *this* diversion of money was indicative of a lack of donative intent. That the Dubiskys can cite to a different case where a court found donative intent despite withdrawals by the donor does nothing to demonstrate that the district court's finding was clearly erroneous. *Agostinelli* did not hold that a withdrawal by a donor proved donative intent as a matter of law.

■ The Dubiskys protest that they have a *prima facie* case of a gift under the IUGMA. They misunderstand the nature of the burden of proof. A burden of proof has an impact only if the evidence is in equipoise. *Director, OWCP v. Greenwich Collieries,* —— U.S. ——, 114 S.Ct. 2251, 129 L.Ed.2d 221 (1994). The district court here stated that "[t]here is clear and substantial evidence that gifts were not intended and that what here occurred was an effort to put assets beyond the reach of creditors and tax collectors." The finding is not clearly erroneous, and we affirm the decision of the district court.