**In re Dianne Mary DALLY, Debtor.**

**Dianne Mary DALLY, Plaintiff,**

v.

**BANK ONE, CHICAGO, N.A., Defendant.**

Bankruptcy No. 95 B 12589.
Adv. No. 96 A 00806.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Nov. 14, 1996.

Fred R. Harecke, for Plaintiff.

Mark L. Prager and Jeffrey S. Norman, Foley & Lardner, Chicago, IL, for Defendant.

Fernando M. Bustamante, Chicago, IL, for Intervenors.

### MEMORANDUM OPINION

JACK B. SCHMETTERER, Bankruptcy Judge.

This adversary proceeding relates to bankruptcy proceedings filed by Dianne Mary D'ally ("Debtor") under Chapter 13 of the Bankruptcy Code (the "Code"), 11 U.S.C.

§ 101 *et seq.* The Adversary Complaint requested a determination as to whether certain mutual fund accounts are property of the bankruptcy estate and entry of an order requiring Bank One, Chicago, N.A. ("Bank One") to release its claim on those accounts. In the Complaint, however, the Debtor–Plaintiff disclaimed any interest in the accounts other than as custodian of the account certificates on behalf of her children. Bank One therefore challenged this Court's subject matter jurisdiction over the Complaint.

Debtor's three minor children ("Intervenors"), acting through Debtor–Plaintiff as their "Mother and Next Friend," filed herein their Adversary Complaint in Intervention requesting the same relief as their mother had requested in the original Complaint. Bank One also challenged jurisdiction over the issues thereby raised.

The parties were then requested to file briefs on the question of jurisdiction. Those were filed.

After considering the pleadings and briefs filed, by separate order the Adversary Complaint and also the Adversary Complaint in Intervention will each be dismissed for lack of subject matter jurisdiction. Since Bank One filed no motion to dismiss for lack of jurisdiction, dismissal will be on the Court's motion.

### BACKGROUND AND FACTS PLEADED

Debtor filed her Chapter 13 Petition and Plan on June 21, 1995. On Schedule F of the Petition, Debtor listed Bank One as an unsecured creditor for a business loan in the amount of $145,790. On June 14, 1996, Debtor filed her Adversary Complaint herein to determine whether certain custodial accounts are assets of the bankruptcy estate.

On or about November 21, 1991, Debtor opened three accounts with Fortis Funds, a mutual fund with its principal address in St. Paul, Minnesota ("Accounts"). All three of these accounts were opened by Debtor in the name of "Dianne Mary Dally, as custodian under the Uniform Gifts to Minors Act, Illinois," for the benefit of Debtor's three minor children. Debtor alleges that at all times these accounts have been maintained as custodial accounts and that she never withdrew any amount for either her or her children's benefit (although Bank One denies this allegation). All income derived from these accounts has been recognized as income taxable to the beneficiaries of the accounts, the three children. Bank One is currently in possession of the certificates evidencing ownership of the Accounts. In her Complaint here, the Debtor–Plaintiff claims no personal interest in the certificates or in the Accounts, and specifically disclaims any interest "other than as custodian" of the accounts.

However, on February 23, 1993, the Debtor pledged the Accounts to Bank One as partial security for a business loan. Debtor and her former husband had owned the controlling interests in a corporation known as Aloe International, Inc. ("Aloe"). On or about February 23, 1993, Aloe executed a Business Purpose Promissory Note in the original amount of $150,000. To secure the note, Debtor and her former spouse executed personal guaranties, and Debtor pledged the three accounts of the children to Bank One plus an additional account. This pledge was allegedly accomplished with a "Hypothecation Agreement" and a Security Agreement, both executed by Debtor. In connection with this, Bank One prepared and Debtor executed instruments which reflected that the various accounts involved were held in Debtor's name as custodian. Debtor's former spouse has since received a discharge in bankruptcy. On June 6, 1995, Bank One obtained a default judgment on the note against Debtor and Aloe in the amount of $146,579.67. Filing of Debtor's Chapter 13 bankruptcy proceeding followed and then this case.

After Bank One questioned jurisdiction in light of her disclaimer of ownership in the subject accounts, she then filed here a Complaint in Intervention on behalf of her children, in which she seeks in effect to free her children's accounts from the Bank's secured claim thereon. Debtor asserts therein that her pledge of the children's accounts was in violation of her fiduciary duty toward them.

### DISCUSSION

A bankruptcy judge always has the authority and responsibility to determine

whether jurisdiction lies over issues presented. *See e.g., Hauxhurst v. Pettibone Corp.,* 40 F.3d 175, 179 (7th Cir.1994). Even if jurisdiction is not challenged by a party, it may be raised *sua sponte* by a federal court at any point in the proceedings. *Jackson v. Consolidated Rail Corp.,* 717 F.2d 1045, 1055 (7th Cir.1983), *cert. denied,* 465 U.S. 1007, 104 S.Ct. 1000, 79 L.Ed.2d 233 (1984).

■■■ Bankruptcy court jurisdiction extends to all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. 28 U.S.C. § 1334(b). A proceeding which does not arise under Title 11 or does not arise in or is not related to a case under Title 11 is not appropriate for bankruptcy judicial determination. *See Zerand–Bernal, Inc. v. Cox,* 23 F.3d 159, 162 (7th Cir.1994). "The phrase 'arising under title 11' describes those proceedings that involve a cause of action created or determined by a statutory provision of title 11." *In re Markos Gurnee Partnership,* 182 B.R. 211, 220 (Bankr.N.D.Ill.1995), *aff'd sub nom, State of Illinois, Dept. of Revenue v. Schechter,* 195 B.R. 380 (N.D.Ill.1996); *see also In re Spaulding & Co.,* 131 B.R. 84, 88 (N.D.Ill. 1990) (*citing In re Wood,* 825 F.2d 90, 96 (5th Cir.1987)). "Arising in" jurisdiction encompasses issues relating to administration of bankruptcy matters that arise only in bankruptcy cases. *Id.* "Related to" jurisdiction describes proceedings which affect the amount of property available for distribution or the allocation of property among creditors. *Id.* (*quoting Home Ins. Co. v. Cooper & Cooper, Ltd.,* 889 F.2d 746, 749 (7th Cir. 1989)); *see also In re Xonics, Inc.,* 813 F.2d 127, 133 (7th Cir.1987); *In re Spaulding & Co.,* 111 B.R. 689, 692 (Bankr.N.D.Ill.), *aff'd,* 131 B.R. 84 (N.D.Ill.1990).

■■■ Ordinarily, bankruptcy courts do not have jurisdiction over disputes between non-debtor parties where the dispute does not involve property of the estate, does not affect administration of the estate, or will not affect recovery of creditors under a confirmed plan. *See Zerand–Bernal,* 23 F.3d at 161–62; *Xonics,* 813 F.2d 127; *In re Kubly,* 818 F.2d 643 (7th Cir.1987). "Adjusting competing claims of creditors to the property of a bankrupt is the central function of bankruptcy law." *Xonics,* 813 F.2d at 131. However, once a debtor (or trustee in a Chapter 7 proceeding) has abandoned any claim to property, there is rarely any basis for bankruptcy court jurisdiction. *Id.* Bankruptcy jurisdiction is limited jurisdiction. Although it is designed to provide a single forum for dealing with all claims to the bankrupt's assets, it "extends no further than its purpose." *Xonics,* 813 F.2d at 131.

Debtor claims no interest in the accounts in issue here other than as custodian of the accounts of her children. Thus, the true dispute surrounding the accounts is between Bank One and Intervenors.

In light of the pleadings, are the subject accounts possibly property of Debtor's bankruptcy estate so that determination of issues presented will affect the amount of assets available for a Chapter 13 plan or amounts available to creditors if there is a conversion to Chapter 7?

### No Property of the Estate is Involved

■ The Bankruptcy Code defines property of the estate broadly to include "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). A Seventh Circuit panel has held that "every conceivable interest of the debtor, future, non-possessory, contingent, speculative, and derivative, is within the reach of § 541." *Matter of Carousel Intern. Corp.,* 89 F.3d 359, 362 (7th Cir.1996) (*citing Matter of Yonikus,* 996 F.2d 866, 869 (7th Cir.1993)). However, property of the estate does not include "any power that the debtor may exercise solely for the benefit of any entity other than the debtor," such as property over which the debtor is a trustee. 11 U.S.C. § 541(b).

It is clear from the pleadings of Debtor and those she filed on behalf of her children that the three custodial accounts in issue are not property of Debtor's bankruptcy estate. The Illinois Uniform Transfers to Minors Act ("UTMA")[1] "is designed to make an *inter*

---

1. The UTMA, 760 ILCS 20/1 *et seq,* replaced the

Illinois Uniform Gift to Minors Act ("UGMA") in

*vivos* gift to a minor in a relatively simplified manner." *Heath by Heath v. Heath,* 143 Ill.App.3d 390, 394, 97 Ill.Dec. 615, 618, 493 N.E.2d 97, 100 (1986). Custodial property is created and a transfer is made pursuant to UTMA when "money is paid or delivered to a ... financial institution for credit to an account in the name of the transferor ... followed in substance by the words: 'as custodian for' ... (name of minor) under the Illinois Uniform Transfers to Minors Act." 760 ILCS 20/10(a)(2). Such a transfer "is irrevocable, and the custodial property is indefeasibly vested in the minor...." 760 ILCS 20/12(b). The custodian has all rights, powers, and authority over the custodial property, but may only exercise those rights, powers, and authority in a custodial capacity. 760 ILCS 20/14(a). The custodianship continues until the minor reaches either 18 or 21 (the applicable age depends under which section the property was transferred) or dies. 760 ILCS 20/21.

 Under Illinois law, there are three elements which make a valid gift: donative intent, transfer of dominion and control, and delivery. *Dubisky v. United States,* 62 F.3d 182, 185 (7th Cir.1995) (*citing Frey v. Wubbena,* 26 Ill.2d 62, 185 N.E.2d 850 (1961)), *reh'g en banc denied* (1995), *cert. denied,* — U.S. ——, 116 S.Ct. 1026, 134 L.Ed.2d 105 (1996). The UTMA allows such a gift to be made simply through compliance with the formalities of that Act. *Id.* It is true that "Illinois courts have held that the formalities only create a presumption of a gift, which can be rebutted by clear and convincing evidence of a lack of donative intent." *Id.* (citations omitted). However, "documentary compliance with the statutory mechanisms of the Act (e.g. appropriately inscribed bank accounts) constitutes prima facie evidence that a gift was made as intended." *Heath,* 143 Ill.App.3d at 395, 97 Ill.Dec. at 618, 493 N.E.2d at 100.

Here, all parties in this litigation agree that the three UTMA accounts in question were opened with the appropriate statutory designation. Complaint at ¶ 6; Answer at ¶ 6; Intervention Complaint at ¶ 2; Intervention Answer at ¶ 2. Moreover, income from the accounts has at all times been recognized as income taxable to the children Intervenors. Complaint at ¶ 8; Answer at ¶ 8; Intervention Complaint at ¶ 4; Intervention Answer at ¶ 4. In addition, both Debtor and Intervenors allege that the accounts have at all times been maintained as custodial accounts for the benefit of the minors. Even when the accounts were allegedly pledged to Bank One, they were pledged by Debtor as custodian for children intervenors. *See* Security Agreements attached as exhibits to Intervenors' Complaint. Finally, Debtor disclaims any ownership of the accounts except as "custodian."

Thus, the accounts in issue are custodial accounts under the UTMA. As such, the transfers affected by establishing these accounts prior to the bankruptcy filing were irrevocable under Illinois law, and deposits therein indefeasibly vested in the Intervenor children. The accounts are therefore not property of Debtor or of her bankruptcy estate.

 As stated, the Debtor claims no interest in the property. Bank One argues that it received an irrevocable pledge. Intervenors, through their mother who filed the intervention as their "Mother and Next Friend," argue that their mother had no power to make the pledges, and therefore the accounts are their property, free of the Bank's claims and interest. The accounts are not listed in either Debtor's schedule of assets or Plan. No creditor other than Bank One has yet laid claim to the accounts.

The bankruptcy court may only exercise "related to" jurisdiction over non-estate property where the dispute will affect the general creditors of the estate. Because the accounts involved here are not property of Debtor's bankruptcy estate and resolution of this matter "will not affect the creditors of the [debtor]," this Court has no jurisdiction to determine this matter. *See Xonics,* 813 F.2d at 131.

---

1985. The UTMA expressly applies to transfers which comply with the jurisdictional provisions of UTMA and purport to be made under UGMA or the instrument uses in substance the designation "as custodian under the Uniform Gifts to Minors Act." 760 ILCS 20/22.

### Property of the Estate Post–Confirmation

The parties offered arguments under 11 U.S.C. § 1327(b) as to whether, if the account were property of the estate, they would remain such following confirmation of a Chapter 13 Plan. As the accounts were not property of the estate at the time of filing and cannot become property of the estate during the course of the bankruptcy, the status of the Chapter 13 estate post-confirmation is irrelevant to the issue of jurisdiction over this adversary proceeding.

### Bank One's Pleadings Do Not Create Jurisdiction

Bank One pleaded that the accounts were property of the Debtor that it could set off against her debt to it. Debtor argues that this pleading implicates this Court's jurisdiction.

Under the federal "well pleaded complaint" doctrine, "federal law must create the cause of action, or some substantial, disputed question of federal law must be an element in the plaintiff's claim." *GNB Battery Tech., Inc. v. Gould, Inc.,* 65 F.3d 615, 619 (7th Cir.1995) (*citing Commercial Nat'l Bank v. Demos,* 18 F.3d 485, 488 (7th Cir.1994); *Ceres Terminals, Inc. v. Industrial Comm'n,* 53 F.3d 183 (7th Cir.1995)). It is insufficient that the answer or an affirmative defense contain an allegation of jurisdiction. Jurisdiction is proper in "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial federal question." *Demos,* 18 F.3d at 488 (*citing Franchise Tax Bd. v. California Laborers Vacation Trust,* 463 U.S. 1, 27–28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983)).

As previously stated, this suit concerns issues which are entirely based on state law and does not concern Debtor's bankruptcy estate. There is no substantial question to be resolved involving federal or bankruptcy law. Bank One's alternative allegation that the accounts are property of Debtor is insufficient to create jurisdiction since, as a matter of law applied to allegations of the parties, the accounts are not property of the Debtor or of the estate.

### CONCLUSION

For reasons set forth above, by order to be entered separately, Debtor's Adversary Complaint and the Complaint in Intervention will each be dismissed for lack of subject matter jurisdiction.[2]

---

2. Because the Adversary case is dismissed for lack of jurisdiction, there is no need to decide whether the Debtor, who accuses herself of breaching fiduciary duty to her children in the course of suing as their "Next Friend" in the intervening complaint, can properly represent her children's interests without appointment of a guardian ad litem for the minor children. *See Stevenson v. Hawthorne Elementary School, East St. Louis School Dist. No. 189,* 144 Ill.2d 294, 162 Ill.Dec. 38, 579 N.E.2d 852 (1991).