Dominic CARDENAS and Joseph
Cardenas, Plaintiffs,

v.

August G. ERDMANN, Walt A. Buck-
hanan, Rosa M. Dominguez, Michael
J. Soika, Woody Welch, Board of the
Fire and Police Commission of the
City of Milwaukee, and City of Mil-
waukee, Defendants.

No. CIV. A. 99–C–832.

United States District Court,
E.D. Wisconsin.

Sept. 5, 2000.

John F. Fuchs, Jennifer R. Dorow,
Fuchs, Snow & DeStefanis, Milwaukee,
WI, for Plaintiffs.

Susan E. Lappen, Assistant City Attor-
ney, Milwaukee, WI, for Defendants.

### ORDER DATED

### DENYING DEFENDANTS' MOTION TO DISMISS

REYNOLDS, District Judge.

Plaintiffs Dominic and Joseph Cardenas
are the children of Ricardo Cardenas, a
police officer with defendant City of Mil-
waukee's ("City") Police Department. Do-
minic and Joseph are deaf and currently
attend and board at the Wisconsin School
for the Deaf ("WSD") in Delavan, Wiscon-
sin. Defendant Fire and Police Commis-
sion of the City of Milwaukee ("FPC")
denied Ricardo Cardenas' request for an
exception to the City's residency require-
ment for police officers, so that he could
live with his sons near the WSD. Dominic
and Joseph allege that defendants' denial
of Ricardo Cardenas' residency exception
request violated the Americans with Dis-
abilities Act ("ADA"), 42 U.S.C. § 12132,
and they also raise claims under the Equal
Protection and Due Process clauses of the
United States Constitution, pursuant to 42
U.S.C. § 1983 (" § 1983"). The court has
jurisdiction under 28 U.S.C. § 1331. Be-
fore the court is defendants' motion to
dismiss which the court will deny.

In a related action, Civil Action No. 97–
C–1238, Ricardo Cardenas raised ADA
claims, § 1983 Equal Protection and Due
Process challenges, as well as a petition for
a writ of certiorari appealing the FPC's
denial under Wisconsin state law against
the defendants in that action, the FPC and
the City. On July 9, 1999, in Civil Action
No. 97–C–1238, the court issued in order
("July Order") granting the FPC and the
City summary judgment on Ricardo
Cardenas' ADA and § 1983 claims. The
July Order stated that Ricardo Cardenas

did not allege sufficient facts to pursue his ADA claims. The court also held in its July Order that Ricardo Cardenas did not have a constitutionally-protected right to family integrity. However, the court found that it did not have a sufficient basis upon which to decide Ricardo Cardenas' state law petition for a writ of certiorari, as the FPC did not provide written findings. Thus, the court remanded the action to the FPC for a new hearing after which the FPC is to submit written findings supporting its decision. Those findings have not yet been filed with the court.

## DISCUSSION

The defendants [1] in the instant action have moved to dismiss all claims, pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), on the grounds that claim and issue preclusion prevent Dominic and Joseph Cardenas from pursuing their claims. As to the ADA claims in the instant action, defendants contend that the July Order states that Dominic and Joseph participated in their father's ADA challenge, on which the court granted the defendants in Ricardo Cardenas' action summary judgment. Hence, defendants conclude that claim preclusion prevents Dominic and Joseph from reasserting their ADA claims. As for Dominic and Joseph's constitutional claims, defendants contend that the July Order already resolved that issue as to Ricardo Cardenas, and thus issue preclusion merits the applicability of the July Order's findings to this action.

The court finds that the July Order incorrectly found that Cardenas raised claims on behalf of his sons. Upon the court's review of Ricardo Cardenas' January 8, 1999 motion for summary judgment in Civil Action No. 97–C–1238, it is clear that Ricardo Cardenas was raising claims under the ADA and § 1983 as a father of children with profound hearing loss and not for them. A holding

of claim or issue preclusion requires the court to find that there has been a final judgment on the merits in an earlier action and that the parties in the later action did participate or had a legal duty to participate in the earlier action. *See Tice v. American Airlines,* 162 F.3d 966, 973 (7th Cir.1998). The court now finds that Dominic or Joseph were not parties in Ricardo Cardenas' action. Furthermore, neither Dominic nor Joseph had a legal duty to participate in their father's earlier action. The fact that Ricardo Cardenas is the father of Dominic and Joseph is not enough to bind the sons to the July Order. *See Dubisky v. United States,* 62 F.3d 182 (7th Cir.1995). Therefore, the court finds that defendants have failed to properly show either claim or issue preclusion.

Finally, defendants also argue that Dominic and Joseph Cardenas have failed to state any claim, pursuant to Fed.R.Civ.P. 12(b)(6). Defendants, however, merely refer to their claim and issue preclusion arguments to support their failure-to-dismiss allegations. As the court finds defendants' claim and issue preclusion arguments unpersuasive, the court finds defendants' failure-to-state-a-claim contention equally untenable.

## CONCLUSION

Defendants August G. Erdmann, Walt A. Buckhanan, Rosa M. Dominguiez, Michael J. Soika, Woody Welch, Board of the Fire and Police Commission of the City of Milwaukee, and City of Milwaukee's motion to dismiss is **DENIED**.

---

1. The named defendants in this action were and are commissioners of the FPC and are named in their official capacities.