**In re COMMERCIAL FINANCIAL SERVICES, INC., and CF/SPC NGU, Inc., Debtors.**

**Commercial Financial Services, Inc., Plaintiff,**

**v.**

**William R. Bartmann and Kathryn A. Bartmann, Defendants.**

**Bankruptcy Nos. 98–05162– R, 98–01566–R. Adversary No. 99–0006–R.**

United States Bankruptcy Court, N.D. Oklahoma.

Nov. 7, 2000.

Larry M. Wolfson, Jerry L. Switzer, Jr., Jenner & Block, Chicago, IL, Neal Tom-

lins, Ronald E. Goins, Tomlins & Goins, Tulsa, OK, Jay Geller, Law Office of Jay S. Geller, Portland, ME, for plaintiff.

James Reed, Hall, Estill, Hardwick, Gable, Golden & Nelson, A P.C., Tulsa, OK, for defendants.

## ORDER GRANTING CFS'S MOTION TO STRIKE JURY DEMAND AND TO RECONSIDER IN PART THE BARTMANN RECOMMENDATION, AND SUPPLEMENT TO BARTMANN RECOMMENDATION TO THE DISTRICT COURT REGARDING DEFENDANTS' MOTION TO WITHDRAW THE REFERENCE

DANA L. RASURE, Bankruptcy Judge.

On April 21, 2000, the Court issued a Memorandum Opinion Regarding Defendants' Motion to Dismiss or Abstain and Recommendation to District Court Regarding Defendants' Motion to Withdraw Reference ("Bartmann Recommendation"), in which the Court recommended that the District Court withdraw the reference of this proceeding in order to afford Defendants William R. Bartmann and Kathryn A. Bartmann (collectively the "Bartmanns") a jury trial before an Article III judge. Also on April 21, 2000, the Court issued a memorandum opinion and recommendation in the adversary proceeding styled *Commercial Financial Services, Inc. v. Jay L. Jones*, Adv. No. 99–0005–R (the "Jones Recommendation"), wherein

the Court recommended that the District Court decline to withdraw the reference of the proceeding because Defendant Jay L. Jones ("Jones") waived his right to jury trial by asserting a setoff defense against the estate in his answer to CFS's complaint.[1]

On May 25, 2000, the Bartmanns filed their Answer[2] to CFS's Complaint, asserting that—

Defendants [the Bartmanns] are entitled to indemnification and setoff of any amounts allegedly owed by Defendants to Plaintiff [CFS] as a result of damages they have and will incur, including attorneys' fees and costs, resulting from the filing of various securities related lawsuits currently pending in the United States District Court for the Northern District of Oklahoma, and in Tulsa County District Court for the State of Oklahoma.

Sixth Affirmative Defense, Answer at 6.[3] On June 8, 2000, the Bartmanns filed a Notice of Jury Demand.[4]

On June 29, 2000, CFS filed its Motion ... to Strike Jury Demand and to Reconsider in Part the Court's Memorandum Opinion Regarding Bartmanns' Motion to Dismiss or Abstain and Recommendation Regarding Motion to Withdraw the Reference ("Motion to Reconsider") (Docket # 23). On August 4, 2000, the Bartmanns filed their Response to the Motion to Reconsider ("Bartmanns' Response") (Docket # 28). On August 25, 2000, CFS filed a

---

1. A copy of the Jones Recommendation is attached to CFS's Motion to Reconsider as Exhibit C.

2. The Bartmanns filed their Answer in the District Court in Case No. 00–CV–338–H (Docket # 8), although it should have been filed in this Court because the reference to this Court has not been withdrawn. Whether such filing was intentional and tactical (*i.e.,* an attempt to avoid this Court's jurisdiction) or merely in error is not clear. Thus, the Court instructs the Bartmanns to file in this adversary proceeding a certified copy of the Answer they filed in the District Court within five days of this Order or the Court will entertain a motion for judgment by default.

3. A copy of the Answer is attached to CFS's Motion to Reconsider as Exhibit D.

4. The Notice of Demand for Jury Trial was also filed in the District Court case (Docket # 10). Again, if the Bartmanns mistakenly filed the notice in the District Court, they are instructed to file a certified copy in this adversary proceeding within five days or the Court will find that the Bartmanns have waived trial by jury pursuant to Rule 38(d) of the Federal Rules of Civil Procedure, made applicable herein by Bankruptcy Rule 9015.

reply brief in support of the Motion to Reconsider (Docket # 31), and on September 12, 2000, the Bartmanns filed their Combined Sur-reply and Supplemental Brief Regarding the Defendants' Motion to Withdraw the Reference and the Debtors's Reconsideration Motion (Docket # 34).

On July 26, 2000, the District Court entered its Order Regarding Motion to Withdraw Reference ("District Court Order"), in which it determined that it would—

1. ... hold in abeyance any ruling on the Motion to Withdraw Reference filed herein in order to provide the Bankruptcy Court appropriate time to consider the Motion to Strike and whether a supplemental report and recommendation is appropriate in light of the subsequent filing of the Motion to Strike.

2. The Court will further consider the Motion to Withdraw Reference at a time after the Bankruptcy Court enters any supplemental report and recommendation on the Motion to Withdraw Reference.

District Court Order at 2.

Upon consideration of the record in this proceeding and in the bankruptcy case, the briefs of counsel and applicable law, the Court finds and concludes as follows:

The Court has jurisdiction of this matter under the same authorities as stated at length in the Bartmann Recommendation.

In light of the Bartmanns' assertion of defenses of setoff and indemnification, CFS seeks reconsideration of the Bartmann Recommendation, particularly this Court's determination (1) that this proceeding is not a "core" proceeding; (2) that the Court does not have jurisdiction to make a final determination on CFS's turnover claims; and (3) that withdrawal

of the reference is appropriate. CFS also requests that the Court strike the Bartmanns' jury trial demand, contending that when the Bartmanns asserted claims against the estate, they submitted themselves to the equitable jurisdiction of this Court and are no longer entitled to a jury trial. CFS argues that the posture of this proceeding now parallels the posture of the Jones proceeding, wherein the Court determined that jury trial rights were waived when Jones asserted the defense of setoff, which this Court held was the assertion of a "claim" against the estate, thus invoking the equitable jurisdiction of this Court.

█ The Court finds that by virtue of the assertion of claims against the estate in the form of setoff and indemnification by the Bartmanns in their Answer, the posture of the Bartmann adversary is indeed similar to the posture in the Jones adversary proceeding, and thus reconsideration of the Bartmann Recommendation is proper. The Court notes that the Bartmann adversary differs from the Jones adversary only because the Bartmanns specifically assert a claim for indemnification as the basis for their setoff defense.

In response to the Motion to Reconsider, the Bartmanns reassert arguments that were rejected by this Court in the Jones Recommendation. The Court has reexamined the Jones Recommendation and cases cited by the Bartmanns in their opposition to this Court's conclusions in the Jones Recommendation. The Court concludes that its analysis in the Jones Recommendation regarding bankruptcy court jurisdiction, circumstances under which jury trial rights may be waived [5] and what constitutes cause for withdrawal of the reference is sound, and declines to amend or reverse the findings and conclusions stated therein.[6]

---

**5.** The Bartmanns specifically requested that this Court reconsider its rejection of the conclusion reached by the Utah district court in *Styler v. Jean Bob Inc. (In re Concept Clubs, Inc.)*, 154 B.R. 581 (D.Utah 1993). Again,

this Court believes that the Utah district court's analysis is sound but its conclusion is flawed. *See* Jones Recommendation at 14.

**6.** *See also North American Energy Conservation, Inc. v. Interstate Energy Resources, Inc.*

■ The Bartmanns also raise other arguments in opposition to the Motion to Reconsider. They contend that the defenses stated in their Answer are only incidentally related to the bankruptcy process, *i.e.*, that they are not compulsory counterclaims to CFS's claims, and thus, do not invoke the equitable jurisdiction of the Bankruptcy Court. This argument proves too much however. Because the Bartmanns' indemnification defense is not related in any way to the facts underlying CFS's claims against them, their indemnification demand could have been asserted via a proof of claim, which would clearly invoke the Bankruptcy Court's core, equitable jurisdiction in all matters between the Bartmanns and the estate. *See Langenkamp v. Culp*, 498 U.S. 42, 44–45, 111 S.Ct. 330, 331, 112 L.Ed.2d 343 (1990). The timing and vehicle through which the Bartmanns assert a claim against estate assets does not alter the jurisdictional effect of such an act. *See, e.g., Treinish v. Glazer (In re Glazer)*, 248 B.R. 528, 533 (Bankr.N.D.Ohio 2000) ("Nothing in *Langenkamp* suggests that it makes any difference whether the filing of the adversary proceeding precedes or follows the submission of a claim against the bankruptcy estate. In either case, the submission of the claim still would trigger the process of allowance and disallowance of claims, thereby subjecting the claimant to the bankruptcy court's equitable jurisdiction") (internal quotations omitted). Determining whether the Bartmanns are entitled to participate in the distribution of estate assets, which assets include CFS's "choses in action" against the Bartmanns,[7] constitutes the "restructuring of debtor-creditor relations, which is at the core of the federal bankruptcy power...." *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 56, 109 S.Ct. 2782, 2798, 106 L.Ed.2d 26 (1989) (internal quotations omitted).

■ The Bartmanns further urge this Court to reaffirm its original recommendation that the reference be withdrawn because "judicial economy mandates that the present case be decided in the District Court due to the degree to which the setoff and indemnification defense asserted by the Bartmanns is dependent on and related to the outcome of the securities fraud cases pending before the District Court." Bartmanns' Response at 21. The Court is not persuaded that judicial economy is served by joining this proceeding, or dis-

*(In re North American Energy Conservation, Inc.)*, 2000 WL 1514614 at 2 (S.D.N.Y.) ("whether a setoff is labeled an 'affirmative defense' or a 'counterclaim', a setoff is a claim against the bankruptcy estate," *citing* the Jones Recommendation, 251 B.R. 397 at 405).

7. The estate includes all legal and equitable interests of the debtor as of the commencement of the case and any interest in property that the estate acquires after the commencement of the case. *See* 11 U.S.C. § 541(a). CFS's claims against the Bartmanns, and any recovery therefrom, are property of the estate. *See, e.g., Sender v. Simon*, 84 F.3d 1299, 1304–05 (10th Cir.1996), *citing* H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 367, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6323 (under § 541, the debtor's estate "will include choses in action and claims by the debtor against others").

The Bartmanns appear to concede that courts that have taken a position on the issue have uniformly held that the assertion of a *permissive* counterclaim invokes the equitable power of the Bankruptcy Court to allow or disallow the counterclaim against the estate. The fact that the Bartmanns have denominated as a defense what is an unliquidated permissive counterclaim, and have, by failing to assert a proof of claim, limited their own recovery against the estate to that which the estate recovers from the Bartmanns, does not negate the fact that it is a claim against the "res of the estate, which [is] subject to the bankruptcy court's equitable power to allow and disallow claims." Bartmanns' Response at n. 7, *quoting Schwinn Plan Committee v. AFS Cycle & Co. (In re Schwinn Bicycle Co.)*, 184 B.R. 945, 953 (Bankr.N.D.Ill.1995). The cases cited by the Bartmanns at pages 13 and 14 of their Response, which cases state in dicta that it may be unfair to deny a jury trial to a defendant who asserts a *compulsory* counterclaim, are simply not germane to the question in this case—whether the assertion of a *permissive* claim of indemnification results in submission to bankruptcy court jurisdiction and waiver of a jury trial.

covery in this proceeding, with the complex securities fraud lawsuits pending in District Court. A fundamental principle of bankruptcy jurisprudence is the efficient and economic administration of the estate. Withdrawing the reference of this proceeding and setting it to trail eleven multiparty securities fraud lawsuits will not foster efficiency or economy. Threshold issues as to whether the Bartmanns are entitled to indemnification under any theory and whether bankruptcy law would allow such an indemnification claim, may be determined by this Court independently of the securities fraud cases. Further, whether setoff should be allowed in favor of the Bartmanns, regardless of the outcome of the securities cases, will require the application of Section 553 of the Bankruptcy Code and a weighing of the equities in the context of this bankruptcy case. *See* Jones Recommendation at 11, and cases cited therein. In the event that an issue in this proceeding does become dependent upon the outcome of an issue in the securities fraud cases, this Court has the power to stay this proceeding pending the resolution of such issue.

CFS's Motion to Reconsider is granted. The Court finds and concludes that it has core jurisdiction over CFS's breach of contract, turnover and Section 502(d) claims and the Bartmanns' defenses to those claims pursuant to 28 U.S.C. § 157(b)(2)(B), (E) and (O), and has authority to enter final orders in this proceeding. Further, by asserting claims against the estate, the Bartmanns have waived trial by jury. Thus, the Bartmanns' jury trial demand is stricken. The Court further supplements the Bartmann Recommendation and recommends, for the above reasons, that the District Court deny the Bartmanns' Motion to Withdraw Reference.

The Clerk of the Bankruptcy Court is directed to transmit a copy of this Order and Recommendation to the Clerk of the United States District Court for the Northern District of Oklahoma, together with copies of the Docket # 23, 28, 31 and 34, and file a certificate of such transmission in this proceeding.