In re CONSECO, INC., Debtor.

Conseco, Inc, Plaintiff,

v.

James S. Adams, et al., Defendants.

Bankruptcy No. 02 B 49672.
Adversary No. 03 A 04545.

United States Bankruptcy Court,
N.D. Illinois,
Eastern Division.

Dec. 8, 2004.

---

**4.** It is unclear from the opinion whether the amendment was literal or substantive.

James Sprayregen, Kirkland & Ellis, Chicago, IL, for debtor.

### MEMORANDUM OPINION

CAROL A. DOYLE, Bankruptcy Judge.

This adversary proceeding is before the court on the motion of each of the defen-

dants to dismiss for lack of subject matter jurisdiction and other grounds. For the reasons stated below, the court concludes that it does not have jurisdiction. The motions to dismiss will be granted.

### I. *Factual Background*

Conseco, Inc. ("Old Conseco") and various related entities filed petitions under Chapter 11 of the Bankruptcy Code in December 2002. The court confirmed a plan of reorganization for Old Conseco and related debtors on September 9, 2003. A new corporate entity was created, also called Conseco, Inc. ("New Conseco"), and Old Conseco was dissolved in November 2003. The plan transferred Old Conseco's assets to New Conseco and was substantially consummated on September 10, 2003, the effective date of the plan.

One class of creditors, the Trust Originated Preferred Shareholders ("TOPrS"), objected to confirmation of Old Conseco's plan. Ultimately, their objection was resolved by a settlement among various parties that was incorporated into Section V(I) of the plan (the "TOPrS Settlement"). Under the TOPrS Settlement, participating TOPrS received stock and warrants of New Conseco, plus a right to receive 45% of the net recovery, up to $30 million, from any actions New Conseco chooses to pursue against certain participants in a prepetition loan program for directors and officers. Under that loan program, various directors and officers of Old Conseco (including the defendants) purchased Old Conseco stock using loans guaranteed by Old Conseco ("D & O Loan Program"). Old Conseco's rights against these parties were transferred to New Conseco under the plan. The lenders who made the loans transferred their rights against the participants in the D & O Loan Program to New

Conseco under an agreement approved by the court on September 15, 2003 ("Transfer Agreement").

In March 2004, New Conseco filed a complaint against a number of participants in the D & O Loan Program and some of their family members. Counts I through VII allege various claims under state law, including breach of contract for failure to repay the loans and breach of participation agreements and entry guarantees. Count VIII alleges fraudulent transfer of assets by various defendants. The defendants have moved to dismiss, challenging the court's subject matter jurisdiction and raising other substantive and procedural issues.

## II. *Subject Matter Jurisdiction*

 District courts have jurisdiction over "civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334. District courts may refer these proceedings under Title 11 to the bankruptcy judges in their district under 28 U.S.C. § 157(a), and the district judges in this district have done so. Internal Operating Procedure 15 of the Northern District of Illinois. Proceedings arising in or under Title 11 are core proceedings, while related matters are noncore proceedings. *In re Kewanee Boiler Corp.*, 270 B.R. 912, 917 (Bankr.N.D.Ill. 2002). A bankruptcy case or proceeding "arises under" Title 11 when the cause of action is based on a right or remedy expressly provided in the Bankruptcy Code. *Id.* "Arising in" jurisdiction exists when the proceeding does not arise under a specific statutory provision of the Bankruptcy Code but would have no practical existence but for the bankruptcy. *Banc of Am. Inv. Serv., Inc. v. Fraiberg (In re Conseco)*, 305 B.R. 281, 285 (Bankr.N.D.Ill.2004). "Related to" jurisdiction exists over proceedings that affect the amount of property for

distribution from the estate or the allocation of property among creditors. *In re FedPak Sys., Inc.*, 80 F.3d 207, 213–14 (7th Cir.1996).

The defendants argue that the complaint does not raise any issue within either the court's core jurisdiction or its "related to" jurisdiction. They contend that this is essentially a collection action by a non-debtor (New Conseco) against non-debtors, and that the relief sought can have no tangible impact on the debtor's estate because the debtor and the estate no longer exist and because all issues regarding distributions to creditors under the plan have been resolved. New Conseco argues that the court has core jurisdiction over the complaint because the defendants will raise defenses that will require interpretation of the confirmation order and various stipulations entered between Old Conseco and some of the defendants. New Conseco also argues that the defendants will raise set-off and recoupment defenses or counterclaims arising from prepetition conduct or agreements of Old Conseco, which New Conseco contends may violate the discharge injunction. At a minimum, New Conseco contends that this proceeding is related to the Old Conseco's bankruptcy case because the TOPrS are entitled to a portion of any recovery under the TOPrS Settlement that was incorporated into the Plan. New Conseco therefore asserts that this action will affect the amount the TOPrS will receive under the plan and so is within the related jurisdiction of the court.

### A. *Core Jurisdiction—The Well-Pleaded Complaint Rule*

 New Conseco's arguments supporting core jurisdiction are based on defenses it believes the defendants are likely to raise, not on the allegations of the complaint. The court may not consider possi-

ble defenses in determining whether it has jurisdiction. Under the well-pleaded complaint rule, "a case arises under federal law ... only when the claim for relief depends in some way on federal law, 'unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose.'" *Vorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 402 (7th Cir.2001) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S.Ct. 724, 58 L.Ed. 1218 (1914)); *see also Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) ("the 'well-pleaded complaint rule'... provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 400, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ("that a federal question must appear on the face of the complaint" is one of the "paramount policies embodied in the well-pleaded complaint rule"). The Seventh Circuit recently reiterated that jurisdiction must be based on the allegations in the complaint even when "the federal defense will be the only contested issue." *City of Chicago v. Comcast Cable Holdings, L.L.C.*, 384 F.3d 901, 904 (7th Cir.2004).

New Conseco argues without support or reasoning that the well-pleaded complaint rule applies only to federal question jurisdiction under 28 U.S.C. § 1331, not to bankruptcy jurisdiction under 28 U.S.C. § 1334. It is true that most cases involving the well-pleaded complaint rule involve federal question jurisdiction under 28 U.S.C. § 1331. *E.g., Franchise Tax Bd. of State of Californa v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Comcast Cable*, 384 F.3d at 904. A number of courts, however, have applied the well-pleaded complaint rule to bankruptcy jurisdiction.

*See, e.g., Yangming Marine Transp. Corp. v. Electri–Flex Co.*, 682 F.Supp. 368, 370 (N.D.Ill.1987) ("there is no bankruptcy exception to the well-pleaded complaint rule"); *Liberty Mut. Ins. Co. v. Lone Star Indus., Inc.*, 313 B.R. 9, 16 (D.Conn.2004) (well-pleaded complaint rule applied to bankruptcy jurisdiction); *In re Dally*, 202 B.R. 724, 729 (Bankr.N.D.Ill.1996) (no jurisdiction over a state law cause of action where bankruptcy issues raised only in the answer); *Poplar Run Five Ltd. Partnership v. Virginia Elec. & Power Co. (In re Poplar Run Five Limited Partnership)*, 192 B.R. 848, 855–56 (Bankr.E.D.Va.1995) (well-pleaded complaint rule applied to § 1334 "arising under" jurisdiction); *see also Su–Ra Enter., Inc. v. Barnett Bank of South Florida, N.A.*, 142 B.R. 502, 504 (S.D.Fla.1992) (applying the well-pleaded complaint rule to potential bankruptcy defense in analyzing § 1331 jurisdiction).

Sections 1331 and 1334 are comparable in that they both employ the phrase "arising under" in defining the limits of district court jurisdiction. Section 1331 gives district courts jurisdiction over cases "arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1334 gives district courts "original but not exclusive jurisdiction of all civil proceedings *arising under* title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b) (emphasis added). In *Franchise Tax Bd.*, the Court discussed the history of the well–pleaded complaint rule as applied to § 1331. It concluded that there is no "arising under" jurisdiction even when a federal defense of preemption is anticipated in the plaintiff's complaint and even if both parties admit that the defense is the only real issue in the case. 463 U.S. at 14, 103 S.Ct. 2841. Although the Court was not interpreting § 1334, it suggested that the well-pleaded complaint rule applies to other federal jurisdictional statutes as well, concluding

that "[o]ur concern in this case is a consistent application of a system of statutes conferring original federal court jurisdiction, as they have been interpreted by this court over many years." 463 U.S. at 27, 103 S.Ct. 2841; *see also Robinson v. Michigan Consol. Gas Co. Inc.*, 918 F.2d 579, 584 n. 4 (6th Cir.1990) (suggesting that the well–pleaded complaint rule applies to "jurisdictional statutes" generally).

New Conseco presents no reason that the well-pleaded complaint rule should not apply to bankruptcy jurisdiction. The court is mindful that the system created by the bankruptcy jurisdictional statutes and the Bankruptcy Code depends upon the bankruptcy court's ability to decide core issues. However, the well-pleaded complaint rule does not impair this important function. The power to decide core issues is preserved by a combination of the operation of the automatic stay in 11 U.S.C. § 362(a) before discharge, the discharge injunction in 11 U.S.C. § 524(a)(2) after discharge, and the bankruptcy removal statute which allows the removal to federal court of specific claims or counterclaims within a state court action that fall within the core jurisdiction of the bankruptcy court. 28 U.S.C. § 1452(a). These statutory mechanisms allow the bankruptcy court to decide core issues that arise in state court or a federal forum other than the bankruptcy court. Therefore, applying the well-pleaded complaint rule to § 1334 will not deprive the bankruptcy court of its ability to adjudicate issues within its core jurisdiction.

No court appears to have analyzed the well-pleaded complaint rule and concluded that it does not apply to bankruptcy jurisdiction. New Conseco has not cited any such decision. Instead, it relies on decisions that do not discuss the rule. First, New Conseco cites cases holding that a court should look at the "nature of the proceeding" in determining whether it has core jurisdiction. *In re Manville Forest Prod. Corp.*, 896 F.2d 1384, 1389 (2nd Cir. 1990); *HQ Global Workplaces, Inc. v. Bank of Nova Scotia, et al. (In re HQ Global Holdings, Inc.)*, 293 B.R. 839, 842 (Bankr.D.Del.2003). These decisions are consistent with the well-pleaded complaint rule. They merely hold that courts must look beyond whether the complaint alleges state law issues to determine whether a proceeding is within the core jurisdiction of the court. They do not hold that defenses or counterclaims can be considered when the court is making the initial determination of whether it has jurisdiction under § 1334.

New Conseco also relies on two cases in which it contends the courts relied on defenses as a basis for asserting bankruptcy jurisdiction. However, in both cases it was clear that the bankruptcy court had jurisdiction under § 1334 from the allegations of the complaint alone. In *Statutory Comm. of Unsecured Creditors v. Motorola, Inc. (In re Iridium Operating LLC)*, 285 B.R. 822, 830 (S.D.N.Y.2002), the Committee of Unsecured Creditors brought ten claims on behalf of the debtor (Iridium) against Motorola. Under 28 U.S.C. § 157, bankruptcy courts can enter judgments only with respect to core matters; recommended findings must be submitted to the district court with respect to non-core matters. The issue in *Motorola* was whether the bankruptcy court could enter final judgment with respect to all ten claims. Five claims were unquestionably core claims. The court held that the other five claims, which would otherwise be non-core claims, were core claims because Motorola asserted proofs of claim, administrative claims, and affirmative defenses of set-off against the debtor.

The *Motorola* court's jurisdiction under § 1334 over all ten claims was apparent

from the allegations of the complaint, so the decision is consistent with the well-pleaded complaint rule. Although the court held in part that an action by the estate against a creditor can be core if the defendant asserts a set-off against the estate, 285 B.R. at 833, this conclusion is not contrary to the well-pleaded complaint rule. The rule applies only to the determination of whether the district court (or a bankruptcy court in its stead) has jurisdiction under § 1334. It does not apply to determinations under § 157(b) of whether an issue is core or non-core for purposes of entry of final judgment by bankruptcy courts. Once the bankruptcy court has jurisdiction under § 1334, it may then determine whether specific claims or defenses raise core issues as to which it can enter a final judgment. *See Aluminum Mills Corp. v. Citicorp North Amer., Inc. (In re Aluminum Mills Corp.)*, 132 B.R. 869, 882 (Bankr.N.D.Ill.1991); *Knopfler v. Schraiber (In re Schraiber)*, 97 B.R. 937, 942 (Bankr.N.D.Ill.1989). Therefore, the *Motorola* court's conclusion that a claim filed on behalf of a debtor against a party who asserts a defense of setoff is within the court's core jurisdiction is in accord with the well-pleaded complaint rule.

New Conseco also relies on *Commercial Fin. Serv., Inc. v. Bartmann (In re Commercial Fin. Serv., Inc.)*, 255 B.R. 68, 71 (Bankr.N.D.Okla.2000), in which a court considered set-off and indemnification defenses in determining that it had core jurisdiction. In *Bartmann*, the debtor sued parties who had not filed claims against the estate. The court originally concluded that it had only related jurisdiction because the defendants had not filed proofs of claim. However, when the defendants filed an answer asserting indemnification and setoff rights against the debtor, the court reconsidered its ruling and determined that it had core jurisdiction based on the claims asserted against the estate. As in *Motorola*, the *Bartmann* court clearly had related jurisdiction based on the allegations of the complaint. The issue was whether the court could enter a final judgment under 28 U.S.C. § 157(b) or had to present proposed findings to the district court under § 157(c)(1). The well-pleaded complaint rule does not apply in this context, so *Bartmann* provides no support for New Conseco's argument that the rule does not apply to bankruptcy jurisdiction.

The only other authority New Conseco cites for the contention that this court should not apply the well-pleaded complaint rule is *Begley v. Philadelphia Elec. Co., (In re Begley)*, 41 B.R. 402, 404 n. 2 (D.C.Pa.1984). The *Begley* court suggested in a footnote that while the well-pleaded complaint rule might preclude it from considering a federal defense as a basis for federal question jurisdiction under § 1331, the court could nevertheless assert bankruptcy jurisdiction over the claim. The *Begley* court gave no reasoning or authority to support its view and the court declines to follow it.

The court concludes that the well-pleaded complaint rule should be applied in determining whether it has jurisdiction under § 1334.[1] New Conseco's complaint al-

---

1. The court notes that the well-pleaded complaint rule, which developed in the context of the "arising under" language of § 1331, does not apply as smoothly to "related to" jurisdiction as it does to the "arising under" and "arising in" language of § 1334. The nature of related jurisdiction requires courts to look beyond the law under which claims arise to determine the potential impact of the litigation on the estate and its creditors.

 Research reveals only one decision in which the court expressly applied the well-pleaded complaint rule to related jurisdiction. *Yangming Marine Transp.*, 682 F.Supp. at 370. In analyzing related jurisdiction, a number of courts have considered the poten-

leges only breach of contract and related state law causes of action; no bankruptcy issues are apparent from the face of the complaint. Therefore, the court cannot assert "arising in" or "arising under" jurisdiction over this adversary proceeding.

### B. *Related Jurisdiction*

New Conseco also argues that its claims fall within the related jurisdiction of the court. It contends that this action will affect the amount of property to be distributed under Old Conseco's plan because the amount of the TOPrS' recovery will be determined at least in part by the outcome of this litigation. It also contends that this action will affect the allocation of estate assets to other creditors.

██ The Seventh Circuit has adopted a narrow interpretation of related jurisdiction. In *In re Xonics, Inc.*, 813 F.2d 127, 131 (7th Cir.1987), the court held that related jurisdiction is limited to disputes that affect "the amount of property available for distribution or the allocation of property among creditors." Similarly, in *In re Kubly*, 818 F.2d 643, 645 (7th Cir.1987), the court held that "disputes among creditors of a bankrupt come within the federal bankruptcy jurisdiction only if they involve property of the estate or if resolving two creditors' intramural squabble will affect the recovery of some other creditors." As the court explained in *Zerand–Bernal Group v. Cox*, 23 F.3d 159, 161 (7th Cir.

1994), related jurisdiction is "primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtors and others but that section 1334(b) allows to be forced into bankruptcy so that all claims by and against the debtor can be determined in the same forum." *See also In re Schwinn Bicycle Co.*, 210 B.R. 747, 754 (Bankr. N.D.Ill.1997) (related jurisdiction exists over dispute only if (1) it involves property of the estate, (2) it affects the administration of the estate, or (3) resolution of a dispute between two creditors will affect the recovery of some other creditor).

██ The extent of related jurisdiction is even more limited after confirmation of a Chapter 11 plan. *Pettibone Corp. v. Easley*, 935 F.2d 120, 122 (7th Cir.1991). The number of possible issues affecting the estate or administration of the bankruptcy case after confirmation is necessarily much smaller than before confirmation. Post-confirmation related jurisdiction exists primarily to "ensure that reorganization plans are implemented and to protect estate assets devoted to implement the confirmed plan." *Cytomedix, Inc. v. Perfusion Partners & Assoc., Inc.*, 243 F.Supp.2d 786, 789 (N.D.Ill.2003). In addition, once property of the estate is sold or otherwise transferred out of the estate,

---

tial impact of future litigation that might result after the present controversy at issue is resolved. *E.g., Zerand–Bernal Group v. Cox*, 23 F.3d 159, 164 (7th Cir.1994) (court examined potential consequences from possible later suit seeking to rescind bankruptcy sale, noting split in circuits regarding whether a suit that might trigger a suit over which the court would have related jurisdiction is itself therefore within the related jurisdiction of the court). If potential future suits can be considered in determining related jurisdiction, an argument can be made that the impact from

defenses in the current suit may also be considered.

However, considering defenses in determining related jurisdiction could create a "back door" to bankruptcy jurisdiction that is otherwise unavailable when the well-pleaded complaint rule is applied to "arising under" and "arising in" jurisdiction. Therefore, to promote consistency in application of federal jurisdictional statutes, the court concludes that the well–pleaded complaint rule should be applied in determining "related to" as well as "arising under" and "arising in" jurisdiction.

the bankruptcy court's jurisdiction to determine disputes regarding that property lapses. *In re FedPak*, 80 F.3d at 214.

 New Conseco argues that this lawsuit meets both of the alternative tests set forth in *Xonics* and the other cases cited above because it will affect the amount distributed under the plan and the allocation of estate assets among creditors. Neither argument is persuasive.

### 1. *Amount Distributed under the Plan*

First, New Conseco contends that this suit will affect the amount to be distributed under the plan because it will determine whether there are any net litigation recoveries from D & O Loan Program litigation payable to the TOPrS under the TOPrS Settlement. New Conseco is correct that this case may determine at least in part whether the TOPrS are paid anything from D & O litigation proceeds in accordance with the TOPrS settlement.[2] However, any payment to the TOPrS from this litigation will not be a distribution of estate assets under the plan.

To resolve their objection to confirmation, the TOPrS agreed that they were not entitled to a distribution from the debtor's estate based on the best interests of creditors test in 11 U.S.C. § 1129(a)(7)(A)(ii). They agreed to abandon their objection in exchange for a gift distribution from other Old Conseco creditors of stock and warrants of New Conseco and a contractual right to a share of any recoveries (up to $30 million) that New Conseco might ob-

tain in the future from the D & O Loan Program litigation. This settlement agreement was incorporated into the plan on a discretionary basis under 11 U.S.C. § 1123(b)(6) as a provision "not inconsistent with the applicable provisions of this title."[3]

That the settlement agreement was incorporated into the plan does not somehow transform any payments from New Conseco to the TOPrS from D & O litigation recoveries into a distribution of estate assets under the plan. To the contrary, any future payment to the TOPrS from D & O litigation will come from New Conseco, not the estate, because Old Conseco's claims against the defendants were transferred under the plan to New Conseco and the lenders later transferred their rights against the defendants to New Conseco. The TOPrS accepted a contractual right to payment from a non-debtor (New Conseco) from possible future litigation proceeds rather than a direct right to payment from the estate.[4] Any proceeds the TOPrS receive from this lawsuit will be the fulfillment of that contractual obligation, not a distribution under the plan.

The TOPrS have already received the entire distribution to which they are entitled under the plan and the TOPrS Settlement: stock, warrants, and the contractual right to payment from New Conseco if and when it prevails in the D & O Loan Program litigation. Thus, even though this lawsuit may affect whether the TOPrS ever get paid in accordance with their contractual right against New Conseco, it

---

**2.** New Conseco has filed cases against other borrowers under the D & O Loan Program that could also fund a payment to the TOPrS under the TOPrS Settlement.

**3.** *See In re Conseco, Inc.*, 301 B.R. 525 (Bankr.N.D.Ill.2003), for a more detailed discussion of the TOPrS settlement.

**4.** In fact, the TOPrS settlement gives New Conseco absolute discretion to determine whether to pursue these claims or abandon them. Even if New Conseco pursues the claims, it may lose. Thus, the TOPrS are not guaranteed any payment at all from D & O litigation.

will not affect any creditor's distribution of estate assets under the plan. The court therefore cannot assert related jurisdiction over this case on the basis that it will affect the amount of creditors' distribution from the estate under the plan.

### 2. Allocation of Estate Assets Among Creditors

New Conseco also argues that it meets the alternative test in *Xonics* for related jurisdiction because this lawsuit may affect the allocation of assets among creditors. The *Xonics* court recognized that a bankruptcy court may have jurisdiction after confirmation over a dispute involving property abandoned by the estate if resolution of the dispute will affect the distribution under the plan to creditors who are not parties to the litigation. *Xonics*, 813 F.2d at 131. The court remanded for a determination whether resolving who owned the abandoned asset would change the payout to other creditors under the plan. New Conseco argues that this action will affect the distribution under the plan to creditors who are not parties to the case-the TOPrS. Although resolving this case will determine at least in part whether the TOPrS receive payment from New Conseco, as discussed above, any such payment to the TOPrS will not be a distribution from estate assets under the plan.

New Conseco also argues that the allocation to other creditors (besides the TOPrS) will be affected in two indirect ways by the resolution of two defenses it anticipates the defendants will raise: (1) that the lenders did not properly transfer their rights against the defendants to New Conseco; and (2) that Old Conseco is required to purchase the stock back from the defendants under a change-of-control provision in the loan program documents. These two arguments are based on anticipated defenses that are not apparent from the complaint. As discussed above, the court cannot consider defenses in determining whether it has jurisdiction under § 1334. Therefore, these possible defenses do not provide a basis for jurisdiction over this adversary proceeding.

### Conclusion

For all of the foregoing reasons, the court concludes that it does not have jurisdiction over this adversary proceeding. The defendants' motions to dismiss for lack of jurisdiction will be granted.